UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SVOTHI, INC., <br><br> Plaintiff, <br><br> - v - <br><br> DARK ALLEY MEDIA, LLC and ROBERT FELT, <br><br> Defendants. | No. 25 CV 0333 <br><br> **COMPLAINT** <br><br> Jury Demand |

1. This is an action for trademark infringement.

2. For more than two decades, Plaintiff SVOTHI, Inc. ("SVOTHI") has been a leader in the adult online content industry, operating a digital platform for the delivery of premium adult content. SVOTHI runs adult websites and other technology channels under the common-law marks "RFC"; "RFC.com"; and RFC (together, the "RFC Marks").

3. SVOTHI has invested millions of dollars and decades of effort to ensure that consumers associate the RFC Marks with SVOTHI and its premium adult content.

4. Defendants Dark Alley Media, LLC ("Dark Alley") and its principal Mr. Robert Felt, an adult content creator professionally known as Owen Hawk ("Mr. Felt" and, together with Dark Alley, "Defendants"), have affixed exact reproductions of the RFC Marks to Defendants' own websites and video content. Defendants' conduct deliberately trades on Plaintiff's RFC Marks and goodwill, and is intended to deceive consumers into believing that SVOTHI is the source of, or associated, with Defendants' content and businesses.

5. Defendants' conduct is causing irreparable harm to SVOTHI in violation of the Lanham Act and state law. Plaintiff seeks injunctive relief against Defendants' ongoing, unauthorized conduct; damages; attorney's fees; and other appropriate relief described below.

## PARTIES

6. Plaintiff SVOTHI, Inc. is a corporation organized under the laws of the State of New York.

7. Defendant Dark Alley Media, LLC is a limited liability company organized under the laws of the State of New York.

8. Defendant Mr. Robert Felt is a natural person who resides in this District.

9. Upon information and belief, Defendant Mr. Robert Felt is the sole member and manager of Defendant Dark Alley Media, LLC.

10. Defendants conduct substantial business in New York State and within this District, including the unauthorized and infringing conduct complained of herein. Defendant Dark Alley Media, LLC maintains its headquarters and principal office in the County of New York and manages the owenhawk.com website from within this District. Defendant Mr. Felt operates and directs the operations of Dark Alley Media, LLC and the owenhawk.com website from the company's headquarters, and frequently within the State of New York and this District to, among other things, manage and operate Defendant Dark Alley Media, LLC's digital properties and to produce video content for distribution, including through Dark Alley Media, LLC's digital properties and the owenhawk.com website. Moreover, Defendant Mr. Felt operates his X (formerly Twitter) account @owenhawkxxx within the State of New York and publishes its content to users within the State of New York.

11. On information and belief, other persons or entities whose identities are not yet known to Plaintiff have participated in the willful and wrongful infringement of Plaintiff's RFC Marks.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

13. This Court has pendent jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1338(b) because they are "joined with a substantial and related claim under the … trademark laws" of the United States.

14. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because they are related to claims within the original jurisdiction of this Court.

15. Venue is proper under 28 U.S.C. § 1400(a) and under 28 U.S.C. § 1391(b).

16. This Court has personal jurisdiction over the Defendants pursuant to CPLR 301 and CPLR 302. Dark Alley Media, LLC is headquartered in New York, is essentially at home in New York, and transacts substantial and ongoing business in New York. Mr. Felt resides in New York, manages Dark Alley Media, LLC from and within New York, and routinely travels within the state of New York in connection with his and Dark Alley Media, LLC's businesses and infringing conduct, including the conduct herein alleged.

## PLAINTIFF'S RFC MARKS

17. Plaintiff established common-law rights in the RFC Marks no later than 2010 through its public marketing and sale of adult video content and other digital media under and in connection with the RFC Marks.

18. Plaintiff has used the RFC Marks continuously since in or about 2010 through its operation of its websites and other properties and services.

19. Plaintiff's RFC Marks are well-known to consumers, including thousands of consumers who pay and subscribe for access to SVOTHI's online video content.

20. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the RFC Marks.

21. The success of Plaintiff's business, and of the RFC Marks and brand, is due in material part to Plaintiff's marketing and promotional efforts. Plaintiff has spent millions of dollars in the marketing, promotion and sales of adult media offered to consumers under the RFC Marks.

22. Plaintiff's success is also due to its earned reputation for high-quality video content, and for scrupulous compliance with the web of laws and regulations that apply to adult media.

23. As a result of Plaintiff's efforts and investments, the quality of its media offerings, including online video offerings under the RFC Marks, and Plaintiff's extensive and costly marketing, promotion, compliance and sales efforts, members of the public have become familiar with Plaintiff's brand and with the RFC Marks, and they associate them exclusively with Plaintiff.

24. Plaintiff has spent extensive time and money on the development and marketing of its adult websites offered to the public under and in connection with the RFC Marks. The public associates the RFC Marks with Plaintiff's websites and other digital media businesses due to the common and continuous use of the RFC Marks. The goodwill and positive reputation that Plaintiff has acquired through the continued success of its ventures is of value to Plaintiff in its marketing and promotion of its websites and media technology.

25. Customers and potential customers; business partners including content creators and networked distribution platforms; and compliance-involved entities including financial institutions and regulators have all come to associate the RFC Marks exclusively with Plaintiff as a reputable source of premium, compliant and ethical adult video content.

26. The RFC Marks are distinctive and have acquired additional distinctiveness through Plaintiff's marketing and promotional efforts.

27. Plaintiff has acquired valuable reputation and goodwill among the public as a result of the association of the RFC Marks with Plaintiff's premium, ethical and compliant digital media.

28. Plaintiff endeavors to protect its reputation, intellectual property, and other highly valuable commercial interests.

29. Plaintiff has not authorized Defendants to use the RFC Marks.

**DEFENDANTS' TRADEMARK INFRINGEMENT**

30. Starting in or about December 2024 and early January 2025, Defendants have begun to engage in the sale and distribution in interstate commerce of goods and services unlawfully using Plaintiff's RFC Marks.

31. Defendants are thus engaged in the unauthorized, willful infringement of the RFC Marks.

32. On or about January 1, 2025, Defendants added the RFC Marks to their own adult video website owenhawk.com and Defendant Robert Felt added the RFC Marks to his own social media content, including Mr. Felt's X (formerly Twitter) account @owenhawkxxx.

33. For example, beginning on or about January 1, 2025, Defendants displayed Plaintiff's graphical mark **RFC** without authorization on the homepage of owenhawk.com, side-by-side with Defendants' own graphical mark:

IMAGE FROM DEFENDANTS' OWENHAWK.COM HOMEPAGE[1]



34. The unauthorized display of Plaintiff's **RFC** mark on Defendants' website, and use of the **RFC** mark as a source indicator for Defendants' digital content, is a willful and unlawful attempt to confuse consumers into believing that Plaintiff is the source of, or has sponsored or approved of, the content created, published or distributed by the Defendants.

35. The unauthorized display of Plaintiff's **RFC** mark next to Defendants' graphical Owen Hawk.com mark and related content is a willful and unauthorized effort to suggest a false connection between Plaintiff and Defendants.

36. Other infringing content published on Defendants' websites and media properties is also unlawful and harmful to Plaintiff.

---

[1] Incidental profanity redacted from image.

37. The "Contact" page of Defendants' owenhawk.com website, which page is prominently linked-to and accessible from the owenhawk.com homepage, displays the following infringing image and text:

IMAGE FROM DEFENDANTS' OWENHAWK.COM CONTACT PAGE[2]



38. The above-depicted contact page from Defendants' website, and the images and text thereon, falsely suggest that the Defendants are operating Plaintiff's online media businesses and the content offered under the RFC Marks; that Plaintiff's online media business is "in the grave" and needs to be "br[ought] … back" from it; and that Defendants are authorized to, or in the process of, soliciting "founding member[s]" for a "new RFC" with the approval and endorsement of Plaintiff SVOTHI. None of those claims is true and none of that conduct is authorized by the Plaintiff.

39. Defendant Mr. Felt's X account at @owenhawkxxx is also replete with infringing and unauthorized uses of Plaintiff's RFC Marks.

40. Defendant Mr. Felt's X account at @owenhawkxxx displays unprofessional, profane and in some cases unlawful content — including but not limited to depictions of the

---

[2] Incidental profanity redacted from image.

use of illicit drugs, depictions of non-consensual sexual encounters, depictions of sexual encounters with persons under the influence of intoxicants, and statements endorsing rape and nonconsensual sex — next to and in some cases on the same posts that use, without authorization, the RFC Marks.

41. Social media posts on Mr. Felt's @owenhawkxxx account depict Mr. Felt himself visibly under the influence of intoxicating drugs.

42. Mr. Felt's illegal and unauthorized use of the RFC Marks next to and in connection with the foregoing content is harmful to Plaintiff because it erodes public confidence in Plaintiff's reputation for, and longstanding commitment to compliance with, legal and regulatory restrictions against (among other things) depictions of drug use and nonconsensual sex.

43. A "pinned" X post on @owenhawkxxx invites digital content producers who "filmed studio content … in the last 15 years" to "license it back to [their own] fan sites", thus deliberately and unlawfully attempting to induce adult content producers to breach their agreements with Plaintiff.

44. Defendant Mr. Felt is a moving, active and conscious force behind Defendant Dark Alley Media, LLC's infringing conduct because, among other things, he directs and authorizes that conduct, and because he single-handedly operates the X account @owenhawkxxx which participates in and contributes to Dark Alley Media, LLC's infringing conduct.

45. Mr. Felt is also the sole member, manager, employee and officer of Dark Alley Media, LLC.

46. Mr. Felt has the authority to bind Dark Alley Media, LLC in transactions with third parties, including because he is the sole member, manager, employee and officer of Dark Alley Media, LLC, and because he contracts with producers and adult artists to license their work, images, and content for distribution through Dark Alley Media, LLC's business and websites.

47. Defendants' deliberate and unauthorized misappropriation and use of Plaintiff's RFC Marks is confusing to consumers and is intended to deceive the public into believing that Defendants' enterprises and media are affiliated with Plaintiff.

48. Through their unlawful conduct, Defendants seek to gain the benefit of the goodwill and reputation for quality and compliance that Plaintiff has established through its extensive efforts to build its brand and the RFC Marks.

49. Through their infringing use of the RFC Marks, Defendants are irreparably harming Plaintiff's reputation and goodwill, infringing and diluting Plaintiff's trademark, improperly profiting from Plaintiff's intellectual property, and engaging in unfair competition.

50. Plaintiff is irreparably harmed by the false association and link between Defendants' adult media business and Plaintiff's businesses, including those conducted under the RFC Marks.

51. Defendants' conduct is willful, deliberate, and in bad faith.

## COUNT I: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1125(a)

52. Plaintiff realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

53. Plaintiff has priority of rights in the RFC Marks.

54. Defendants are intentionally and willfully, or acting with willful blindness, using Plaintiff's RFC Marks in connection with Defendants' adult websites, social media accounts, and other media businesses, for Defendants' financial gain.

55. Defendants' use of the RFC Marks without Plaintiff's consent constitutes trademark infringement in violation of 15 U.S.C. § 1125, in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and industry as to the origin, approval or sponsorship of goods, services and commercial activities.

56. As a direct and proximate result of the foregoing acts, Plaintiff has been damaged and has suffered, and will continue to suffer, significant damages, in an amount to be determined at trial.

57. Defendants' actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief enjoining and restraining Defendants from use of the RFC Marks or any mark that is confusingly similar thereto.

## COUNT II:  TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

58. Plaintiff realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

59. Defendants are intentionally and willfully, or acting with willful blindness, using Plaintiff's RFC Marks in connection with Defendants' adult websites, social media accounts, and other media businesses, for Defendants' financial gain.

60. Defendants' use of the RFC Marks without Plaintiff's consent constitutes trademark infringement in violation of New York common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of goods, services and commercial activities.

61. As a direct and proximate result of the foregoing acts, Plaintiff has been damaged and has suffered, and will continue to suffer, significant damages in an amount to be determined at trial.

62. Defendants' actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief enjoining and restraining Defendants from use of Plaintiff's Marks or any mark that is confusingly similar thereto.

## COUNT III: UNFAIR COMPETITION

63. Plaintiff realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

64. With knowledge and/or constructive knowledge of Plaintiff's exclusive rights to the RFC Marks, Defendants intended to and did misappropriate Plaintiff's labors and

expenditures in creating such marks and Plaintiff's investment in and exclusive use of the marks by facilitating the distribution of goods and services for Defendant's own financial gain.

65. Defendants' use of the RFC Marks without Plaintiff's consent is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of goods, services and commercial activities. Accordingly, Defendants have engaged in unfair competition in violation of New York common law.

66. Defendants engaged in these acts with bad faith and intent to profit from the name, goodwill, and strong brand recognition associated with Plaintiff and its marks.

67. As a direct and proximate result of the foregoing acts, Plaintiff has been damaged and has suffered, and will continue to suffer, significant damages in an amount to be determined at trial.

68. Defendants' conduct was knowing, intentional, and in reckless disregard of Plaintiff's exclusive rights in its marks. Pursuant to New York common law, Plaintiff is therefore entitled to an award of punitive damages in an amount to be determined at trial.

69. Plaintiff is also entitled to injunctive relief enjoining and restraining Defendants and all persons acting in concert with Defendants from use of Plaintiff's Marks or any other marks that are confusingly similar thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. For an award of actual damages, enhanced discretionary damages, and treble damages in an amount to be determined at trial for Defendants' willful violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*;

2. In the alternative to actual damages, for statutory damages pursuant to the Lanham Act, as the Court considers just, and/or as Plaintiff may elect prior to final judgment;

3.     For an award of damages to be proven at trial for trademark infringement and unfair competition under New York common law;

4.     For a temporary, preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or indirectly of such injunction from:

    a     advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating, and/or otherwise dealing in infringing goods, services, or businesses;

    b     using Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, the RFC Marks, to identify any goods, services or businesses not authorized by Plaintiff;

    c     using any of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, the RFC Marks, or any other marks that are confusingly or substantially similar to the RFC Marks, on or in connection with Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating and/or otherwise dealing in goods and services, or engaging in business, not authorized by Plaintiff;

    d     engaging in any action which is likely to cause confusion or cause mistake and/or to deceive members of the public as to the affiliation, connection or association of any goods, services or businesses advertised, marketed, promoted, distributed, displayed, operated, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product, service or business advertised, marketed, promoted, distributed, displayed, operated, offered for sale or sold by Defendants with Plaintiff;

    e     engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising, promotion, marketing, operating and/or dealing in any infringing products, services or businesses;

    f     engaging in any other actions that constitute unfair competition with Plaintiff;

    g    secreting, destroying, altering, removing, or otherwise dealing with infringing goods or services, or any books or records that contain any information relating advertising, marketing, promoting, distributing, displaying, operating, offering for sale, selling and/or otherwise dealing in infringing goods, services, businesses or domain names identical and/or confusingly similar to the RFC Marks;

    h    from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing any computer files, data, business records, documents or any other records or evidence relating to Defendants' businesses or any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by Defendants in the advertising, marketing, promotion, operation, distribution, display, offering for sale and/or sale of infringing products, services or businesses;

    i    from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from any financial account until further ordered by this Court;

    j    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

    k    instructing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

5.    For an order directing the forfeiture, cancellation, and/or transfer to Plaintiff of all domain names and social media names that are identical and/or confusingly similar to the RFC Marks;

6.    For an order of the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or other dealings in the infringing business and services, including prejudgment interest;

7. For a declaration on such terms as the Court may deem appropriate based on evidence to be offered and received at or prior to a hearing or trial that Plaintiff is the owner of its RFC Marks to the exclusion of the Defendants;

8. For an award of exemplary or punitive damages in an amount to be determined by the Court;

9. For Plaintiff's reasonable attorneys' fees;

10. For all costs of suit; and

11. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated:   January 13, 2025　　　　　　　　　　MULLEN P.C.
　　　　　New York, NY

　　　　　　　　　　　　　　　　　　By:   Wesley M. Mullen
　　　　　　　　　　　　　　　　　　　　　 Martin J.E. Arms
　　　　　　　　　　　　　　　　　　　　　 745 Fifth Avenue | Suite 500
　　　　　　　　　　　　　　　　　　　　　 New York, NY 10151
　　　　　　　　　　　　　　　　　　　　　 wmullen@mullenpc.com
　　　　　　　　　　　　　　　　　　　　　 marms@mullenpc.com
　　　　　　　　　　　　　　　　　　　　　 (646) 632-3718

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*