

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.
26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

212 537 5957
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

January 31, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:** *Svothi Inc. v. Dark Alley Media*, 25 CV 0333 – Defendants' Request For a Pre-Motion Conference.

Dear Judge Carter:

    This office represents Defendants, Dark Alley Media, LLC ("**DAM**") and its LLC Manager and founder, Robert Felt. Under Your Honor's Individual Practices, we respectfully request a Pre-Motion Conference to discuss Defendants' anticipated motion seeking to (i) stay this matter pending arbitration, and (ii) to implead and join third parties, VideoApp, Inc. ("**VA**"), a company owned and/or operated closely with Plaintiff by Plaintiff's principal, Damian Todaro, and Mr. Todaro.

    **The Federal Action**. Plaintiff asserts Lanham Act claims against Defendants over certain common-law trademarks (the "**RFC Marks**") it alleges it owns based on its claim that it has operated adult websites under such marks since 2010. Defendants' motion seeks to stay this action pending the outcome of arbitration between DAM and VideoApp, Inc. ("**VA**").[1] For the reasons described below, Plaintiff, VA, and Todaro are each other's alter ego such that the

---

[1] JAMS Demand for Arbitration, Dark Alley Media, LLC vs. VideoApp Inc. #5425003243, submitted 1/16/2025, demands payment of at least $147,000 withheld by VideoApp since at least August 2024 and determination that the Marks and other assets are to be transferred to DAM on account of VideoApp's uncured breach of the Joint Venture.

arbitration determining the ownership of the Marks as between DAM and VA will be dispositive of the core of this action.

**Alter Ego Theory**. Plaintiff's and VA's close interrelationship is illustrated by the fact that they share the same business address, both use the name and dba "PPVNetworks", both have near-identical websites declaring themselves behind-the-scene operators of various streaming websites, both have the same CEO and/or owner, both have the same attorney who asserts the same rights for both, both claim to operate and/or administer the websites described in the JVA and the Complaint, and during the period alleged in the complaint Plaintiff was the payor on checks issued to DAM for DAM's share of the proceeds of a joint venture between DAM and VA.

**The Joint Venture Agreement**. DAM entered into a joint venture agreement (the "JVA") with VA (defined as PPVNetworks therein), executed as of January 1, 2019, by Mr. Todaro and Mr. Felt. According to its terms, the JVA memorialized the joint venture established by Messrs. (the "JV") under which they operated a website bearing the RFC Marks (which DAM established prior thereto) for the purpose of streaming "pay-per-view" videos produced by DAM which VA would operate and administer for the profit of the JV. The JVA requires arbitration in the case of any disputes.

The JVA explicitly declares the RFC Marks "*are owned by the JV*" and sets forth the disposition of the rights to the Marks upon termination under various scenarios. For example, if the JV was terminated due to the breach of VA, "*DAM gains all rights to RFC Brands, Content and Domain Names…*". Alternatively, if the JV was terminated due to the breach of DAM, "*PPVNetworks may continue to use the RFC Brands, Content and Domains*." In addition, the parties so recognized the critical need to protect the Marks that among other things the JVA obligated VA/PPVNetworks to "*immediately notify DAM*" if it perceived

"any actual, suspected or threatened claim that use of the Domains and Brands *infringes the rights of any third party … or … any other* actual, suspected or threatened claim to which the Domains and Brands may be subject."

**The Dispute**. Plaintiff initiated this action and DAM initiated the JAMS arbitration after over five months of acrimony ending in December 2024 between Mr. Todaro and Mr. Felt on behalf of VA and DAM, respectively, over non-payment of DAM by VA (and Plaintiff), and at least four letters between Plaintiff's counsel, Mr. Mullen, and the undersigned consisting of competing notifications, demands, and declarations of termination of the JV under the terms of the JVA.

**The Fraud**. Now, with no reference to the JVA, Plaintiff's has brazenly filed the present action claiming Plaintiff alone owns the RFC Marks due to its own efforts as though the terms of the JVA never existed or matter. Contrary to the terms of the JVA that the JV owns the RFC Marks, the Complaint alleges that Plaintiff has used and established common-law trademark to the RFC Marks since 2010. If the Complaint is true, then together with the JVA, they describe nothing less than a coordinated decade-or-more deception and misappropriation of the JV's— and therefore DAM's—rights to the RFC Marks via the concerted deceptive actions of VA and Plaintiff, with Todaro at their helm.

If the Complaint is true, then given the now nearly 16-year-relationship the JVA established between DAM and VA (who Mr. Mullen championed as late as November 2024), Plaintiff and Todaro exercised such complete domination over VA in respect to the JV that Plaintiff purports to this Court it owns the RFC Marks. All the while VA and Plaintiff, contrary to the terms of the JVA, purposefully concealed their true intentions and actions to DAM who relied to its detriment on VA's untrue promises to disclose any claims or threats to the Marks during the life of the JV. All such facts constitute fraud and support piercing the corporate veils of Plaintiff and VA since they are as one.

4

In addition, Defendants intend to shortly move the court, via Order to Show Cause, for a temporary restraining order and preliminary injunction to enjoin Plaintiff from further use of the RFC Marks to prevent further harm to Defendants' business and reputation. Such will further underscore the need to stay these proceedings pending the resolution of the arbitration.

Accordingly, staying this matter until the conclusion of the arbitration is appropriate. Based on the foregoing, we respectfully request that Your Honor schedule a Pre-Motion Conference to discuss this matter further.

Very truly yours,

/s/

Ravi Ivan Sharma (RS2064)
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com

*Attorneys for Defendants*

cc. Marms@mullenpc.com, wmullen@mullenpc.com