WESLEY M. MULLEN                                              MULLEN P.C.
                                                      745 FIFTH AVENUE | SUITE 500
                                                              NEW YORK, NY 10151

February 5, 2025

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)

    Re:    SVOTHI, Inc. v. Dark Alley Media LLC et ano., 25 CV 0333 (ALC)

Your Honor:

I am counsel to the Plaintiff. I write pursuant to Rules 1.A and 2.A of the Court's Individual Practices to respond to Defendants' January 31, 2025 letter motion for a conference. (ECF Doc. 17 (the "Letter," cited as "Ltr.").)

Plaintiff would oppose Defendants' proposed motion to stay the case on at least three grounds. First, the Letter announces Defendants' intent to *not* to stay the case, but instead to proceed with it, including by joining new parties and engaging in motion practice. (*Id.* at 1, 4.) Second, Defendants admit that SVOTHI is not party to any arbitration agreement, and their Letter cites no authority for a stay pending separate arbitration against a non-party. And third, by making public claims against VideoApp in this litigation — and in another separate litigation filed in New York Supreme Court[1] on the same day as the Letter — Defendants have waived any rights they might once have had to private arbitration.

No conference is required on Defendants' proposal to "implead and join third parties," (*id.* at 1), since Defendants do not require leave, (Fed. R. Civ. P. 14(a)).

    **1.**    **Background**

        **A.**    **SVOTHI's Claims**

This is a trademark infringement case. Plaintiff SVOTHI operates adult websites and technology channels under the common-law marks RFC, RFC.com, and a related graphical mark depicted in the Complaint. (Compl. (ECF Doc. 7) ¶ 1.) Defendant Dark Alley and its principal, Defendant Mr. Felt, admit they use the exact same marks to offer the exact same services. (*See* Am. Ans. (ECF Doc. 19) at 3 ¶ 4.)

Plaintiff contends that Defendants are therefore liable for, *inter alia*, trademark infringement under the Lanham Act. (15 U.S.C. § 1125(a).) By using identical marks to offer identical services to identical consumers, Defendants are engaging in conduct "likely to cause confusion[] or … mistake … as to the affiliation, connection, or association of [Defendants] with [Plaintiff], or as to the origin, sponsorship, or

---

[1] A copy of Defendants' state court complaint is annexed as Exhibit A.

approval of [Defendants'] services, or commercial activities by [Plaintiff]." *Id.* And as Defendant Dark Alley's principal and the "moving, active, conscious force behind the defendant [LLC's] infringement," Defendant Mr. Felt has personal liability. *E.g., Kate Spade LLC v. Vinci Brands*, No. 23-cv-5409, 2024 U.S. Dist. LEXIS 185539, at *13-14, 2024 WL 4449666 (S.D.N.Y. Oct. 9, 2024).

### B.   Defendants' Counterclaims

Defendants' Letter mounts a blunderbuss attack on Plaintiff's claims. The Letter lays out various allegations of "fraud," "deception," and "misappropriation" against VideoApp — a non-party — related to a Joint Venture Agreement between Defendant Dark Alley and VideoApp. (Ltr. at 2, 3.) The Letter claims that Plaintiff SVOTHI is "close[ly] interrelate[ed]" with non-party VideoApp because, among other things, both entities are represented by the same law firm. (Ltr. at 2.)

Ignoring the distinctions between alter ego liability and veil piercing, and with no mention of the pleading standards that apply to both, the Letter suggests that SVOTHI and VideoApp have engaged in "fraud" that "support[s] piercing the corporate veils of [SVOTHI] and [VideoApp] since they are as one." (Ltr. at 3; *cf.* Fed. R. Civ. P. 9(b); *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F.Supp.2d 405, 432 (S.D.N.Y. 2010) (heightened pleading standard under Rule 9(b) applies to elements of alter ego and veil-piercing claims).) In sum, the Letter appears to contend that the Defendants' admitted use of the RFC Marks is not wrongful because the Defendants' conduct was authorized under a Joint Venture Agreement between Defendant Dark Alley and non-party VideoApp.

On the back of those theories, Defendants filed an Answer with fifteen purported Counterclaims against SVOTHI. (Am. Ans ([ECF Doc. 19](ECF Doc. 19)).) All of the Counterclaims are in reality directed at VideoApp. (*See id.* at 33 ¶ 6 ("VideoApp[] breach[ed] … the joint venture agreement"); *id.* at 40 ¶ 37 ("VideoApp … knowingly made false representations … .").) Defendants confusingly contend that SVOTHI breached the Joint Venture Agreement between Dark Alley and VideoApp, (*id.* at 39 ¶¶ 31-33), and seek to enforce the Joint Venture Agreement against SVOTHI, (*see id.* at 45 ¶ 66), even as they admit that SVOTHI "was not a party to the Agreement," (*id.* at 27 ¶ 17).

### 2.   Defendants' proposed motion to stay

The Letter seeks a conference on Defendants' "anticipated motion … to … stay this matter pending arbitration" between Defendant Dark Alley and non-party VideoApp. (Ltr. at 1.) Invoking an arbitration clause in the agreement between Dark Alley and non-party VideoApp, and contending that all disputes between Dark Alley and VideoApp are subject to arbitration, the Letter asserts that there is a "need to stay these proceedings pending the resolution of the arbitration … ." (Ltr. at 4.)

Plaintiff would oppose the motion.

First, the Defendants do not actually seem to want to stay the case. They announce in the Letter that they plan to implead non-parties VideoApp and its principal Mr. Todaro, (Ltr. at 1); they also plan to move for injunctive relief, (*id.* at 4). Earlier this

afternoon, Defendants' counsel requested SVOTHI's consent to a proposed order to show cause seeking emergency injunctive relief. None of that conduct is consistent with a stay, and it would be unusual and prejudicial to stay the case as to a plaintiff while allowing the defendants to seek all the relief they desire.

Second, Plaintiff SVOTHI is not a party to any arbitration agreement and is not a party to the claims Defendants seek to arbitrate against VideoApp. The Defendants admit that SVOTHI is not bound by any arbitration clause. (Am. Ans. ([ECF Doc. 19](#)) at 27 ¶ 17 ("Plaintiff was not a party to the Agreement … .").) The Letter cites no authority for the suggestion that SVOTHI's separate claims cannot proceed in parallel. (The Letter cites no authority at all.)

Third, and even if there were grounds or authority for a stay, the Defendants waived any right they might have had to arbitrate. The same day they filed their Letter, Defendants sued VideoApp, its principal Mr. Todaro, and his (unnamed) "long-term [domestic] partner" in a deliberately scandalous complaint filed in New York Supreme Court. (Ex. A.) The state court complaint alleges various wrongs arising from the Dark Alley-VideoApp joint venture. (*Id.* ¶¶ 19, 20, 21, 29.)[2] By commencing an action in court against VideoApp relating to the Joint Venture Agreement, Dark Alley waived any contractual rights it might once have had to confidential arbitration. *Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 272 (1985) (parties "electing the benefits of arbitration … cannot also draw on the judicial process for a particular advantage"); *Volpe v. Interpublic Group of Cos., Inc.*, 118 A.D.3d 482, 483 (1st Dep't 2014) ("plaintiff's commencement of [an] action … constitutes a waiver of … arbitration").

### 3.   Defendants' proposed motion to implead third-parties

Defendants also seek a conference to discuss their "anticipated motion … to implead and join third parties." (Ltr. at 1.) Under Rule 14(a), a third-party plaintiff need only "obtain the [C]ourt's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Defendants are still within the 14-day window, so no leave is required. Neither is a conference.

### 4.   Conclusion

For the reasons stated, Plaintiffs respectfully submit that no conference is required on any of Plaintiff's proposed motions. We thank the Court for its attention to this matter.

---

[2] Defendant Mr. Felt has been narrating Dark Alley's legal maneuvers in real-time to his hundreds of thousands of social media followers. On February 2, 2025, he touted on Twitter (@owenhawkxxx) that Dark Alley now "h[as] a federal case, a state case, and an arbitration case all open at the same time." Last night, on the same account, he told fans he "spoke with a reporter … and expect[s] a story on the disputes … to be published soon." Indeed one has been. J. Rohrlich, *[Porn star says his career was destroyed by false claims he nearly killed a dog with meth](#)*, INDEPENDENT (Feb. 5, 2025). Staying this case would be inappropriate for the *additional* reason that, having elected to litigate on the public dockets and in the press, the Defendants cannot muzzle their adversaries with arbitration secrecy.

WMULLEN@MULLENPC.COM | (646) 632-3718

25 CV 0333 (ALC)<br>
February 5, 2025<br>
Page 4 of 4

Respectfully submitted,

*Wesley M. Mullen*

Wesley M. Mullen

cc: ALCarterNYSDChambers@nysd.uscourts.gov (per Rule 1.A)
    All counsel of record