# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DARK ALLEY MEDIA, LLC. and ROBERT FELT a/k/a OWEN HAWK,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>VIDEOAPP INC. d/b/a PPVNETWORKS, ANDRE COSTA-KLEIN a/k/a MARCO STAR, ELVIS (LAST NAME UNKNOWN), DAMIAN TODARO, and DOES 1 through 10,<br><br>　　　　　Defendants. | Index No.<br><br>**SUMMONS**<br><br>Date Purchased:<br><br>Plaintiff designates New York County as the place of trial. The basis of venue is pursuant to the residence of the plaintiffs. |

**TO THE PERSON(S) NAMED AS DEFENDANT(S) ABOVE:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, judgment will be taken against you by default for the relief demanded in the complaint.

　　　　　/s/_____
　　　　　Ravi Ivan Sharma
　　　　　SHARMALAW – Ravi Ivan Sharma, P.C.
　　　　　26 Broadway, Suite 1108
　　　　　New York, NY 10004
　　　　　(212) 537-5957
　　　　　ravi@sharmalaw.com
　　　　　*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DARK ALLEY MEDIA, LLC. and<br>ROBERT FELT a/k/a OWEN HAWK,<br><br>            Plaintiffs,<br><br>            v.<br><br>VIDEOAPP INC. d/b/a PPVNETWORKS,<br>ANDRE COSTA-KLEIN a/k/a MARCO<br>STAR, ELVIS (LAST NAME UNKNOWN),<br>DAMIAN TODARO, and DOES 1 through<br>10,<br><br>            Defendants. | Index No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Dark Alley Media, LLC ("<u>DAM</u>"), by and through its attorneys, asserts this Complaint against Defendants as follows:

**NATURE OF THE ACTION**

1. This action arises from the Defendants' tortious interference with Plaintiff DAM's contractual relationship with a third-party and the defamation of Plaintiff Robert Felt. Defendants engaged in a coordinated campaign of false statements, defamatory conduct, and malicious interference, causing significant financial and reputational harm to Plaintiffs. In addition Defendant Todaro improperly took control of Plaintiff's X (formerly known as Twitter) account, gave access of it to Defendant Elvis who then used it to defame Plaintiff Hawk, and has since refused to return control over such to Plaintiff DAM.

2. Plaintiffs seek compensatory and punitive damages, as well as injunctive relief, to prevent further harm to their business and reputation.

**PARTIES**

4. Plaintiff Dark Alley Media, LLC is a is a New York-based limited liability company engaged in the production and distribution of adult entertainment.

5. Plaintiff Robert Felt ("Hawk"), professionally known as Owen Hawk, is a managing member and 50% owner of DAM. Hawk is a public figure with over 20 years of experience in the adult entertainment industry, recognized for his contributions and success, including induction into the industry's "Wall of Fame" in 2020.

6. Defendant VideoApp Inc. d/b/a PPVNetworsk ("PPVN") is a Nevins corporation with its principal place of business in New York, New York and engaged in the adult entertainment industry.

7. Defendant Damian Todaro is the owner of PPVN and resides in Fire Island Pines, New York.

8. Defendant Elvis (true name unknown) is an employee of Defendant PPVN, and resides in Fire Island Pines, New York. Elvis is the long-term partner of Defendant Damian Todaro.

9. Elvis is listed as an employee of PPVNetworks on its website at ppvnetworks.com/contact.

10. Defendant Andre Costa-Klein, also known as Marco Star ("Costa-Klein") is a natural person who, upon information and belief, resides in the State of New York.

11. Defendants John Does 1-10 are individuals or entities whose identities are currently unknown but who participated in the wrongful acts alleged herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to CPLR § 301 and § 302 because the Defendants conduct substantial business within the State of New York and the acts complained of occurred within this State.

9. Venue is proper in this County pursuant to CPLR § 503 because the Plaintiffs' principal place of business is located in this County, and a substantial part of the events giving rise to the claims occurred here.

## FACTUAL BACKGROUND

**Plaintiffs' Business and Reputation.**

12. DAM was founded in 2005, engages in the production and distribution of adult entertainment, and has since become a recognized leader in the adult content industry, with a library of over 300 titles and numerous awards.

13. Hawk, is a public figure, manages the Twitter account @owenhawkxxx, which has over 250,000 followers, and has built a reputation for professionalism and excellence in the industry.

*Dark Alley Media, LLC et al, v. VideoApp Inc.* | Verified Complaint    Page 3

14. Since 2010, DAM has had an exclusive contract with AEBN.

15. AEBN is a leader in Video-on-Demand (VOD) services.

16. DAM's and AEBN's long-term relationship has been key to DAM's continued success.

17. At AEBN, exclusive contracts are reserved only for the premier, top-performing studios.

18. At AEBN, exclusive contracts are valuable because such are given a better rate of compensation, greater promotion, and the best placements on the site.

19. Since 2010, DAM has operated a joint venture with PPVN under a Joint Venture Agreement ("JVA") signed in 2019, which governed the operation of their shared platform and addressed intellectual property matters.

20. DAM contributed original video content, industry expertise, and performer connections to the joint venture.

21. VideoApp provided website hosting, billing, and customer service for the joint venture.

22. VideoApp has a place of business at 228 Park Avenue South, Suite 40543, New York, NY 10003.

23. PPVNetworks has a place of business at 228 Park Avenue South, Suite 40543, New York, NY 10003.

24. PPVNetworks is the dba of VideoApp. Inc.

25. At all relevant times herein, Defendant Elvis was employed by VideoApp.

**Defendants' Campaign of Defamation and Harassment**

26. Beginning in April 2024, the relationship between DAM and PPVN deteriorated, escalating into competing termination claims in October and November 2024.

27. Defendants Elvis, Todaro, Costa-Klein, and Doe Defendants, acting individually and in concert, engaged in a campaign of defamation, harassment, and interference designed to harm DAM and Hawk's reputation and business.

28. On information and belief, Elvis, using various social media accounts, made false and defamatory statements about Hawk, including but not limited to:

    a. Accusing Hawk of being a sex offender;

    b. Accusing Hawk of committing fraud and other crimes;

    c. Claiming Hawk engaged in domestic violence and attempted to kill a dog.

29. Specifically, on twitter a user called @rawfuckclub (which is the trademark of DAM) stated "Make sure @owenhawk is sober on set…", "He has a parole officer to report too".

30. Specifically, on Youtube in the comments section, a user called @musclefuk1225 stated, refering to Hawk, "You are supporting a sex offender", "Owen Hawk committed illegal activities and was terminated. He is not being Honest!", "… he is a DRUG ADDICT and nearly killed someones

dog by dropping a METH baggie on the floor.", "Owen Hawk tried killing my dog with METH".

31. These statements were made publicly on social media platforms, including Twitter, and privately in direct messages to third parties.

32. On information and belief, Elvis used official PPVN accounts to make some of these statements, and Todaro, as Elvis's supervisor, was aware of and condoned this conduct.

**Interference with DAM's Contract with AEBN**

33. On December 6, 2024, Hawk publicly announced his intent to take legal action against PPVN for unpaid royalties and contractual breaches.

34. On December 7, 2024, on information and belief, Elvis, using the handle "MuscleFuck," posted defamatory comments on a YouTube video supporting Hawk, including false claims that Hawk was a sex offender and engaged in criminal activity.

35. On December 9, 2024, Marco Star, a former performer for DAM, falsely claimed he had never signed a release form and filed a DMCA notice with AEBN, alleging non-consensual use of his content.

36. On information and belief, Elvis and Todaro encouraged and coordinated these false claims, as evidenced by communications from the email address "JacqueMenoff@gmail.com," which is traceable to the vicinity of Defendants' residence.

*Dark Alley Media, LLC et al, v. VideoApp Inc.* | Verified Complaint          Page 6

37. The campaign of takedown demands initiated against DAM were false and misleading.

38. The public accusations initiated against DAM were false and misleading.

39. The takedown notices were also submitted by Costa-Klein.

40. Additional takedown notices were submitted on information and belief by Elvis using the alias "Jacque Menoff."

41. On information and belief, a second DMCA false take-down notice was filed by Elvis, under "Jacques Menoff" alleging non-consensual sex, underage material non-consensual behavior, stating Hawk was a "Felon" and made threats against AEBN and their credit card processor)

42. Geolocation of the IP address contained the notice has been tied to Bayshore Long Island near the location of Defendants Todaro's and Elvis' home in Fire Island.

43. DAM has evidence that the takedown demands and accusations were false and that all required model releases were in place for the content in question.

44. DAM has evidence that "Jacque Menoff" is an alias used by Elvis.

45. DAM alleges on information and belief that Elvis, using the alias "Jacque Menoff," made untrue public accusations on X (formerly Twitter).

46. DAM alleges on information and belief that Elvis, using the alias "Jacque Menoff," submitted untrue takedown demands to AEBN.

47. DAM alleges that Andre Costa-Klein and Elvis conspired together to make untrue demands to AEBN to harm DAM.

48. DAM alleges on information and belief that others of whom DAM is currently unaware, named as Doe Defendants, have made untrue public accusations on X (formerly Twitter).

49. DAM alleges on information and belief that others of whom DAM is currently unaware, named as Doe Defendants, have submitted takedown demands regarding DAM content that are untrue to AEBN.

50. DAM alleges on information and belief that Elvis acted in furtherance of the interests of PPVN.

51. DAM alleges on information and belief that others of whom DAM is currently unaware, named as Doe Defendants, have acted in furtherance of the interests of PPVN.

52. DAM alleges on information and belief that others whom DAM is currently unaware, named as Doe Defendants, may have been aware of or complicit in the actions of Elvis.

53. On December 10, 2024, AEBN, citing these false claims and threats to its credit card processor, terminated its exclusive contract with DAM, causing significant financial losses.

54. As a result of Defendant's actions, DAM has suffered financial losses, reputational damage, and interference with its ability to monetize its content and trademarks.

**Business Disparagement and Civil Conspiracy**

55. On information and belief, Defendants solicited additional collaborators to further their defamatory campaign, as evidenced by emails and social media posts from individuals such as Leopold Witcht, who threatened continued collaboration with Todaro to harm Hawk unless certain demands were met.

56. Defendants' actions included filing false DMCA notices, making defamatory statements to AEBN and other third parties, and using anonymous social media accounts to impersonate performers and spread false allegations about DAM.

57. These coordinated actions were intended to disrupt DAM's business and reputation, and they succeeded in causing substantial harm.

**Emotional Distress Suffered by Hawk**

58. Defendants' extreme and outrageous conduct, including harassment, defamation, and threats, caused severe emotional distress to Hawk, who has been forced to liquidate his retirement funds to survive and defend himself and his company.

**The Dark Alley Media Twitter Account**

59. Plaintiff Hawk, is the original registrant of the Twitter account @rawfuckclub that he created in February 2011.

60. The account has over 300,000 followers and serves as a critical tool for DAM to communicate with its customers, promote its business, and engage with industry professionals.

61. The account is integral to DAM's operations, as it is used for casting, promotions, collaborations, and other essential business functions.

62. In April 2024, a former employee of DAM seized control of the Twitter account after resigning from their position.

63. Upon notification, Twitter suspended the account.

64. Subsequently, the former employee subsequently agreed to cooperate in restoring the account to DAM.

65. Defendant Todaro sent emails to the former employee, threatening legal action if the employee failed to comply with his demands.

66. Defendant Todaro requested that the two-factor authentication for the account be switched to his phone and instructed the employee not to inform Hawk or DAM's counsel of these actions.

67. Defendant Todaro was granted access to the account.

68. Subsequently, Defendant Todaro granted Defendant Elvis access to the account.

69. While in control of the account, Defendant Elvis used it to post defamatory statements about Hawk, including a false claim that Hawk had a parole officer.

70. Upon being notified by Hawk, Todaro removed the defamatory tweets but ignored Hawk's repeated requests to restore access to the account.

71. The loss of access to the Twitter account has caused significant harm to DAM and Hawk, including the inability to communicate with customers, promote their business, and manage critical business correspondence.

72. On information and belief, Defendants intend to use the account to further defame and harm Plaintiffs in the future.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: DEFAMATION (Against All Defendants)**

73. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

74. Defendants made false and defamatory statements about Hawk, as detailed above, with actual malice and intent to harm his reputation.

75. These statements have caused irreparable harm to Hawk's reputation and career.

**SECOND CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT (Against All Defendants)**

43. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

44. DAM had a valid and enforceable exclusive contract with AEBN for the hosting and distribution of its video content.

45. Defendants knowingly and intentionally interfered with DAM's exclusive contract with AEBN, causing its termination and significant financial losses.

46. DAM has suffered damages as a result of the termination of its agreement with AEBN, including lost revenue and harm to its business reputation.

**THIRD CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS (Against All Defendants)**

47. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

48. DAM had a reasonable expectation of continued business relations with AEBN and other potential partners.

49. Defendants were aware of DAM's business relationships and expectations.

50. Defendants intentionally and improperly interfered with DAM's business relationships by submitting false takedown notices and making public accusations.

51. The actions of Defendants caused harm to DAM's business relationships and expectations.

52. DAM has suffered damages as a result of the interference with its business relationships, including lost revenue and harm to its business reputation.

**FOURTH CAUSE OF ACTION: BUSINESS DISPARAGEMENT (Against All Defendants)**

53. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

54. Defendants made false and disparaging statements about DAM's business practices, causing the loss of business opportunities and revenue.

**FIFTH CAUSE OF ACTION: CIVIL CONSPIRACY (Against All Defendants)**

55. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

56. Defendants conspired to harm DAM and Hawk through coordinated defamatory statements, false DMCA notices, and other malicious actions.

**SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against All Defendants)**

57. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

58. Defendants' extreme and outrageous conduct caused severe emotional distress to Hawk.

**SEVENTH CAUSE OF ACTION: CONVERSION (against VideoApp, Todaro, and Elvis)**

59. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

60. Plaintiffs are the rightful owners of the Twitter account @rawfuckclub, having registered it in February 2011 and used it continuously for business purposes.

61. Defendants wrongfully took control of the account without Plaintiffs' consent and have refused to return it despite repeated demands.

62. Defendants' actions have deprived Plaintiffs of the use and benefit of the account, causing significant harm to their business and reputation.

**EIGHTH CAUSE OF ACTION: REPLEVIN (against VideoApp, Todaro, and Elvis)**

63. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in all the preceeding paragraphs of the Complaint as if fully set forth herein.

*Dark Alley Media, LLC et al, v. VideoApp Inc.* | Verified Complaint               Page 14

64. Plaintiffs are entitled to immediate possession of the Twitter account @rawfuckclub.

65. Defendants have wrongfully withheld possession of the account, and Plaintiffs seek its return.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

1. Awarding compensatory damages in an amount to be determined at trial;

2. Awarding punitive damages for Defendants' willful and malicious conduct;

3. Awarding injunctive relief to prevent further defamatory and tortious conduct;

4. Awarding injunctive relief requiring Defendants to return the Twitter account @rawfuckclub to Plaintiffs;

5. Awarding attorneys' fees, costs, and disbursements; and

6. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, NY  
January 30, 2025

SHARMALAW – Ravi Ivan Sharma, P.C.

By:  /s/  
Ravi Ivan Sharma  
SHARMALAW – Ravi Ivan Sharma, P.C.  
26 Broadway, Suite 1108  
New York, NY 10004  
(212) 537-5957  
ravi@sharmalaw.com

*Attorneys for Plaintiff*

**VERIFICATION**

I, Robert Felt, individually, and as the Manager of Plaintiff Dark Alley Media, LLC in the above action, affirm this 31st day of January, 2025 under the penalties of perjury, under the laws of New York, which may include a fine or imprisonment, that I have read the foregoing complaint and know the contents thereof. The contents are true to my knowledge except as to matters alleged on information and belief, and as to those matters I believe them to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

*Robert Felt*
Robert Felt (Jan 31, 2025 14:06 EST)

*Robert Felt*