**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SVOTHI INC., <br><br> Plaintiff, <br><br> v. <br><br> DARK ALLEY MEDIA, LLC and ROBERT FELT, <br><br> Defendants. | Civil Action No. 25 CV 00333 <br><br> **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND WITH TEMORARY RESTRAINING ORDER** |

Upon the Declarations of Robert Felt, sworn to February 5, 2025 and Ravi Ivan Sharma, sworn to on February 5, 2025, the exhibits annexed thereto, the Memorandum of Law submitted in support of this motion, and all other papers and proceedings in this action, it is hereby:

**ORDERED that Plaintiff Svothi, Inc. ("Counterclaim Defendant"), its agents, employees, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Counterclaim Defendant, and all those in active concert or participation with Counterclaim Defendant, and each of them who receives notice directly or indirectly of this Order, show cause before this Court at Courtroom 1306, United States Courthouse, 40 Foley Square, New York, New York, 10007 on the _____ day of _____, 2025, at _____, or as soon thereafter as counsel can be heard, why an order should not be entered pursuant to Rule 65 of**

the Federal Rules of Civil Procedure:

1. **Enjoining Counterclaim Defendant and its affiliates from the following actions**:

    a. Advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating, and/or otherwise dealing in infringing goods, services, or businesses;

    b. Using Counterclaim Plaintiff Dark Alley Media, LLC's ("DAM") trademarks or other rights, including, without limitation, the the image mark "RFC",the word marks "RFC", "Raw Fuck Club", and "RFC Channels", and the URLs "rawfuckclub.com, and rfcchannels.com (together the "JV Marks"), to identify any goods, services, or businesses not explicitly authorized by DAM in writing;

    c. Using any of DAM's trademarks or other rights, including, without limitation, the JV Marks, or any other marks that are confusingly or substantially similar to the JV Marks, on or in connection with Counterclaim Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating, and/or otherwise dealing in goods and services, or engaging in business, not explicitly authorized by DAM in writin;

    d. Engaging in any action which is likely to cause confusion or cause mistake and/or to deceive members of the public as to the affiliation, connection, or association of any goods, services, or businesses advertised,

marketed, promoted, distributed, displayed, operated, offered for sale, or sold by Counterclaim Defendant with DAM, and/or as to the origin, sponsorship, or approval of any product, service, or business advertised, marketed, promoted, distributed, displayed, operated, offered for sale, or sold by Counterclaim Defendant with DAM;

e. Engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising, promotion, marketing, operating, and/or dealing in any products, services, or businesses infringing on the JV Marks;

f. Engaging in any other actions that constitute unfair competition with DAM;

g. Secreting, destroying, altering, removing, or otherwise dealing with infringing goods or services, or any books or records that contain any information relating to advertising, marketing, promoting, distributing, displaying, operating, offering for sale, selling, and/or otherwise dealing in infringing goods, services, businesses, or domain names identical and/or confusingly similar to the JV Marks;

h. Secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with any computer files, data, business records, documents, or any other records or evidence relating to Counterclaim Defendant's businesses or any money, securities, or other

property or assets of Counterclaim Defendant (whether said assets are located in the U.S. or abroad) from or to financial accounts associated with or utilized by Counterclaim Defendant in the advertising, marketing, promotion, operation, distribution, display, offering for sale, and/or sale of infringing products, services, or businesses;

i. Secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying any of Counterclaim Defendant's assets from any financial account until further ordered by this Court;

j. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

k. Instructing, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

2. **Directing Counterclaim Defendant to provide a complete accounting** of all revenues, profits, gains, and advantages derived from its use of the JV Marks and DAM's content within _____ days.

3. **Directing Counterclaim Defendant to transfer all digital assets** associated with the JV Marks, including metadata, source video, encoded stream files, and customer database tables, to DAM within

_____ days.

4. **Directing Counterclaim Defendant to immediately cease all use** of the JV Marks and any related intellectual property belonging to DAM.

**IT IS FURTHER ORDERED THAT:**

Pending the hearing and determination of this motion, Counterclaim Defendant and its affiliates are temporarily restrained from engaging in any of the actions described in Paragraph 1 above.

**IT IS FURTHER ORDERED THAT:**

Service of a copy of this Order, together with the papers upon which it is granted, shall be made upon Counterclaim Defendant or its counsel on or before _____, and such service shall be deemed good and sufficient.

**SO ORDERED.**

**Dated:**

_____

**Andrew L. Carter**

**United States District Judge**