# EXHIBIT 5

WESLEY M. MULLEN

MULLEN P.C.
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

November 12, 2024

Mr. Ravi Ivan Sharma
Law Offices of Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004

ravi@sharmalaw.com

VIA EMAIL ONLY

      Re:      Joint Venture Agreement

Mr. Sharma:

My Firm is legal counsel to VideoApp, Inc. a/k/a PPVNetworks ("PPVN"). I write further to my letter of October 25, 2024 notifying DAM of the termination of the parties' Agreement effective as of October 17, 2024; and briefly in reply to your response of November 1, 2024 (cited as "Resp.").

Capitalized terms used but not defined have the meanings assigned in my letter of October 25, 2024.

    **A.**    **DAM's election under Section 12.3.c**

My letter requested, in accordance with Section 12.3.c of the Agreement, that DAM inform PPVN by November 5, 2024 of its election whether DAM content should remain available on any Sites.

Your letter does not contain any such election; instead it argues that the very request is "extortionate" and "evidence of … bad faith." (Resp. at 2.)

Because your client has not elected "continued commercialization" of DAM content pursuant to Section 12.3.c of the Agreement, PPVN has removed it from the Sites. We disagree about extortion and bad faith.

Moreover, because Section 12.3.a expressly grants PPVN the right (but not the obligation) "at its discretion [to] continue to utilize the … Content" — and because Mr. Felt requested in writing, on or about November 8, 2024, that PPVN "go ahead and take down all of … my content" — we reject the assertion that "remov[al] … of DAM content" constitutes a breach of any contractual obligation. (Resp. at 3.)

MULLEN P.C.

Mr. Sharma
November 12, 2024
Page 2 of 2

### B.   Objections to form of notice

I note your client's objection to the methods of notice under Section 9.3 of the Agreement, which provides that "[a]ll notices … and other communications … shall be in writing and shall be sent by … overnight courier … with return receipt … ." My letter of October 25, 2024 was sent via FedEx to your client's Oakland Park, Florida address, (*see* Agmt. at 1), and your client responded by email. We consider DAM's objections to the method of notice in that or any other communication without merit.

Further, and to the extent that your client denies the receipt or effectiveness of any communication among our clients (in any format), he may consider the content of my letter a restatement in full of each prior communication referenced therein.

My client does not waive its own objections under Section 9.3.

### C.   Purported breaches of the Agreement

For the reasons set forth at length in my letter, the Agreement terminated effective October 17, 2024. We therefore disagree that any later act or failure to act by PPVN might constitute a breach, or (even if it could) that your response dated more than two weeks after termination might constitute notice of breach.

We also decline your client's invitation for PPVN to "cure" its "defaults," since there remain no contractual obligations upon which to default. We specifically deny your various allegations that PPVN has remaining obligations of contractual compensation, (Resp. at 2, 3), information- or access-sharing, (*id.* at 2, 4), or commercialization of the DAM content that has been removed from the sites in accordance with Section 12.3 of the Agreement and your client's written request, (*id.* at 3). And for the avoidance of doubt, we deny each of your specific characterizations and allegations related to PPVN's performance under the Agreement.

In conclusion, PPVN operated the Sites for years in full compliance with the Agreement. Your client's pervasive breaches, left uncured for months after notice (and after PPVN's increasingly urgent pleas to come into compliance), terminated the Agreement. DAM's response that the Sites *for which it bore responsibility under the Joint Venture Agreement* are "outdated, … confusing and inadequate," (*id.* at 3), are not serious.

I remain at your service.

Kind regards,

Wesley M. Mullen

WMULLEN@MULLENPC.COM | (646) 632-3718