UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SVOTHI INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>DARK ALLEY MEDIA, LLC and ROBERT FELT,<br><br>               Defendants. | Civil Action No. 25 CV 00333<br><br>**[PROPOSED] ORDER GRANTING INJUNCTIVE RELIEF** |

**[PROPOSED] ORDER GRANTING INJUNCTIVE RELIEF**

Upon consideration of the motion for injunctive relief filed by Counterclaim Plaintiff Dark Alley Media, LLC ("DAM"), the supporting Declarations of Robert Felt, sworn to February 5, 2025, and Ravi Ivan Sharma, sworn to on February 5, 2025, the exhibits annexed thereto, the pleadings, and all other papers and proceedings in this action, the Court finds as follows:

1.    Findings of Fact:

a. DAM has established prior and continuous use of the word marks "RFC" "Raw Fuck Club" and the URL "rawfuckclub.com" as of 2007 in commerce starting August 2007, predating i. Plaintiff Svothi, Inc.'s ("Counterclaim Defendant") alleged establishment of the marks in 2010 and ii. the execution of a joint venture agreement between DAM and third-party, VideoApp Inc. in 2019 ("JVA").

b. DAM has established the contractual right to exclusively use the image

mark "RFC",the word marks "RFC", "Raw Fuck Club", and "RFC Channels", and the URLs "rawfuckclub.com, and rfcchannels.com (together the "<u>JV Marks</u>"),

c. Counterclaim Defendant Svothi, Inc. has no independent rights to the JV Marks under the JVA, which explicitly states that the JV Marks are the property of the joint venture and revert to DAM upon termination due to breach by VideoApp, Inc.

d. Counterclaim Defendant Svothi, Inc. and VideoApp, Inc. are the alter ego or each other, as evidenced by their shared address, ownership, attorney, and operational overlap.

e. Counterclaim Defendant's continued use of the JV Marks without authorization constitutes trademark infringement, unfair competition, and a violation of DAM's rights under the JVA.

f. Counterclaim Defendant's actions have caused and will continue to cause irreparable harm to DAM's business, reputation, and ability to monetize its intellectual property.

2. Conclusions of Law:

   a. DAM has demonstrated a likelihood of success on the merits of its claims for trademark infringement and unfair competition.

   b. DAM has shown that it will suffer irreparable harm in the absence of injunctive relief.

   c. The balance of equities favors DAM, and the public interest is served by preventing further unauthorized use of the JV Marks.

**IT IS HEREBY ORDERED THAT:**

Plaintiff Svothi, Inc. ("Counterclaim Defendant"), its agents, employees, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Counterclaim Defendant, and all those in active concert or participation with Counterclaim Defendant, and each of them who receives notice directly or indirectly of this injunction, are hereby enjoined and prohibited from:

3. Advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating, and/or otherwise dealing in infringing goods, services, or businesses;

4. Using Counterclaim Plaintiff's trademarks or other rights (whether now in existence or hereafter created), including, without limitation, the JV Marks, to identify any goods, services, or businesses not authorized by Counterclaim Plaintiff;

5. Using any of Counterclaim Plaintiff's trademarks or other rights (whether now in existence or hereafter created), including, without limitation, the JV Marks, or any other marks that are confusingly or substantially similar to the JV Marks, on or in connection with Counterclaim Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, operating, and/or otherwise dealing in goods and services, or engaging in business, not authorized by Counterclaim

Plaintiff;

6. Engaging in any action which is likely to cause confusion or cause mistake and/or to deceive members of the public as to the affiliation, connection, or association of any goods, services, or businesses advertised, marketed, promoted, distributed, displayed, operated, offered for sale, or sold by Counterclaim Defendant with Counterclaim Plaintiff, and/or as to the origin, sponsorship, or approval of any product, service, or business advertised, marketed, promoted, distributed, displayed, operated, offered for sale, or sold by Counterclaim Defendant with Counterclaim Plaintiff;

7. Engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising, promotion, marketing, operating, and/or dealing in any infringing products, services, or businesses;

8. Engaging in any other actions that constitute unfair competition with Counterclaim Plaintiff;

9. Secreting, destroying, altering, removing, or otherwise dealing with infringing goods or services, or any books or records that contain any information relating to advertising, marketing, promoting, distributing, displaying, operating, offering for sale, selling, and/or otherwise dealing in infringing goods, services, businesses, or domain names identical and/or confusingly similar to the JV Marks;

10. Secreting, concealing, destroying, altering, selling off, transferring, or

otherwise disposing of and/or dealing with any computer files, data, business records, documents, or any other records or evidence relating to Counterclaim Defendant's businesses or any money, securities, or other property or assets of Counterclaim Defendant (whether said assets are located in the U.S. or abroad) ("Counterclaim Defendant's Assets") from or to financial accounts associated with or utilized by Counterclaim Defendant in the advertising, marketing, promotion, operation, distribution, display, offering for sale, and/or sale of infringing products, services, or businesses;

11. Secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying any of Counterclaim Defendant's Assets from any financial account until further ordered by this Court;

12. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

13. Instructing, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

**FURTHER ORDERED THAT:**

A. Counterclaim Defendant shall provide a complete accounting of all revenues, profits, gains, and advantages derived from its use of the JV

Marks and DAM's content within _____days.

B. Counterclaim Defendant shall transfer all digital assets, metadata, source video, encoded stream files, and customer database tables associated with the RFC Marks to Counterclaim Plaintiff within _____days.

C. Counterclaim Defendant shall immediately cease all use of the RFC Marks and any related intellectual property belonging to Counterclaim Plaintiff.

**SO ORDERED.**

**Dated:**


_____

**Andrew L. Carter**

**United States District Judge**