

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.

26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

212 537 5957
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

February 6, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:** *Svothi Inc. v. Dark Alley Media*, 25 CV 0333 – Defendants' Request For a Pre-Motion Conference.

Dear Judge Carter:

    We represent Defendants Dark Alley Media, LLC ("DAM") and Robert Felt ("Felt") in the above-referenced matter. We write in reply to Plaintiff Svothi, Inc.'s February 5, 2025, letter opposing Defendants' letter request for a pre-motion conference regarding the anticipated motion to stay this case pending arbitration.

    **Introduction.**   The core of Plaintiff's argument to deny a stay of this matter pending arbitration is Plaintiff's assertion that Defendant, DAM, is not entitled to arbitrate at all.

    Indeed, the arguments set forth in Plaintiff's counsel's letter are all but duplicated in an Article 78 Proceeding seeking to stay the arbitration filed yesterday in New York Supreme Court by Plaintiff's affiliate VideoApp Inc. ("VideoApp"). *Videoapp Inc. v Dark Alley Media, LLC*, Index 650680/2025.

    **I.**  Plaintiff's first argument, that Defendants' application for an Order to Show Cause for injunctive relief is inconsistent with a stay pending arbitration, is without merit. Seeking interim relief is not inconsistent with DAM's desire to arbitrate. Such relief is often necessary to

preserve the status quo and protect rights while arbitration is pending. See *American Express Fin. Advisors Inc. v. Thorley*, 147 F.3d 229, 231 (2d Cir. 1998).

Defendants' request for injunctive relief is narrowly tailored to protect the marks subject to the joint venture agreement ("<u>JVA</u>") between DAM and VideoApp from use by Plaintiff.

**II.** Plaintiff's Second Argument, that it is not a party to the JVA should be discounted. Plaintiff has not disputed that it is closely related to VideoApp, nor has it denied that the same trademarks were used by the joint venture between DAM and VideoApp. Plaintiff's claims rest solely on its alleged use of the trademarks beginning in 2010.

This is significant because the JVA explicitly governs the ownership and use of the trademarks, and Plaintiff's close relationship with VideoApp strongly supports the application of the alter ego doctrine as has been plead against Plaintiff. A non-signatory to an arbitration agreement may be bound where it is closely related to a signatory, including via assumption, agency, estoppel, or veil piercing.  See *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 777-78 (2d Cir. 1995). Even if the Court does not make a final determination as to such at this stage, the close relationship between Plaintiff and VideoApp warrants a stay to avoid inconsistent rulings and duplicative litigation.

**III.**  Plaintiff's third argument, that DAM is not entitled to arbitrate because it filed a New York State Supreme Court against VideoApp that is based on matters subject to arbitration is incorrect. The state court action addresses tortious interference and defamation arising from conduct by VideoApp Inc. that occurred *after* the termination of the JVA *and* which, in any event, are not related to the JVA. None of such are related to the ownership of marks or the business relationship covered by the JVA. Courts have consistently held that litigation involving non-arbitrable claims or third parties does not constitute a waiver of arbitration. *Enron Power Mktg. v. Pub. Util. Dist. No. 1 (In re Enron Corp.)*, 364 B.R. 489 (Bankr. SDNY).

**IV.** Plaintiff's footnoted fourth argument, that Mr. Felt's public statements violate JAMS rules or applicable law, and constitutes is a waiver of arbitration, is unfounded. Rules 26 and 21 of JAMS Comprehensive Arbitration Rules and JAMS Streamlined Arbitration Rules respectively, state, "JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing…" and "The Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information." There are confidentiality agreements or orders prohibiting Mr. Felt from speaking about the facts of the case. Public statements about ongoing litigation or arbitration are not inherently inconsistent with arbitration. See *Moton v. Maplebear Inc.*, No. 15-CV-8879, 2016 U.S. Dist. LEXIS 17643, at *6 (S.D.N.Y. Feb. 9, 2016). Neither is there any evidence of prejudice to Plaintiff. *Brownstone Inv. Group, LLC v. Levey, 514 F. Supp. 2d 536* (SDNY 2007).

**V.** The Federal Arbitration Act ("FAA") establishes a strong presumption in favor of arbitration. See *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Courts must resolve any doubts about arbitrability in favor of arbitration. See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The arbitration clause in the JVA is broad, covering "any and all disputes arising from or relating to this Agreement."

**VI.** There is much overlap between the claims of Plaintiff, the counterclaims, and the JVA—hence the simultaneous assertion of the counterclaims in the Amended Answer—to preserve such claims—and the assertion of an intent move to stay the entire matter pending arbitration that DAM itself filed in JAMS in New York. Moreover, the request to seek leave to add third parties is required where such are as to *permissive* counterclaims against Plaintiff—

which, again, were asserted only preserve any such claims that may yet exist after many if not all of them are properly arbitrated.

**Conclusion.** For the foregoing reasons, Defendants respectfully assert that the Court should grant their motion to stay this case pending the resolution of the arbitration between DAM and VideoApp and add additional parties, or preserve Defendants' ability to do so, later if any applicable claims in this matter survive arbitration.

Respectfully submitted,

/s/
Ravi Ivan Sharma (RS2064)
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com

*Attorneys for Defendants*

    cc. Marms@mullenpc.com, wmullen@mullenpc.com