UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SVOTHI, INC.,

    Plaintiff-Counterclaim Defendant,

        v.

DARK ALLEY MEDIA, LLC and
    ROBERT FELT

    Defendants-Counterclaim Plaintiffs.

No. 25 CV 0333

## DECLARATION OF CYNTHIA CORSO

I, Cynthia Corso, declare as follows:

1. I am the financial manager of SVOTHI, Inc., the Plaintiff in this case. I have been employed by SVOTHI for over ten years.

2. I make this declaration in opposition to Defendants' motion for a preliminary injunction.

**A.**     **SVOTHI's technology business**

3. SVOTHI owns and operates an adult streaming and social media platform. Its properties include many websites, including rawfuckclub.com (the "Website").

4. SVOTHI has owned and operated the Website continuously since in or about February 2010. The terms and conditions posted on the website identify SVOTHI as the owner and operator of the website and, to the best of my knowledge and understanding, those terms have identified SVOTHI as the owner and operator of the website at all times since 2010.

5. At a high level, the Website is a subscription service. Members of the Website ("Members") pay SVOTHI recurring fees (every one, three, or six months) for access to adult entertainment on the Website. Users of the website ("Users") can also access content, and both

Members and Users can participate in social media activities, including posting messages content, and interacting with other Users and producers of content.

6. As of January 2025, the Website had approximately 55,000 Members and 290,000 Users.

7. The Website also has relationships with hundreds of producers. Producers are individuals and businesses that create video content (typically videos of a sexual nature), upload them to the Website, and earn revenues based on (among other factors) the amount of time Users spend viewing that video content.

**B.  SVOTHI's compliance efforts**

8. Running an adult media business is complicated not only from an operational technology perspective, but also from a legal and compliance perspective. There are a host of laws and regulations that govern sexually-oriented business, including but not limited to 18 U.S.C. § 2257, which imposes criminal liability for violations of recordkeeping requirements that apply to producers of "sexually explicit content." *Id.* SVOTHI takes steps to ensure that all of the producers who upload content to the site comply with § 2257, and it also makes continuous efforts to verify that the persons depicted in videos and other media posted on the Website have consented to appear in such media, and have granted appropriate contractual permissions to SVOTHI to reproduce and distribute that content on the Website.

9. SVOTHI's dependence on the regulated financial and payment-processing system also requires careful attention to contractual compliance requirements. For example, the Mastercard and Visa payment processing networks impose strict obligations as a condition of receiving credit card payments. For these reasons too, SVOTHI has invested years of effort, and substantial capital, in developing and implementing a compliance program that ensures that no

objectionable, illegal or otherwise non-compliant content is uploaded to or available on the Website.

10. Defendant Dark Alley Media, LLC is a producer that, until in or about November 2024, uploaded video content to the Website. SVOTHI terminated Dark Alley Media's producer permissions for, among other things, failing to demonstrate compliance with § 2257, violating the Website's Publishing Rules related to model/performer consent, violating Publishing Rules related to the depiction of illegal and objectionable acts, and otherwise violating the Website's compliance policies.

C.    **SVOTHI's Marks and the related marks at issue in the Motion**

11. The Website uses and since no later than 2010 has continuously used the marks RFC, RFC.com, and ![RFC logo] to identify its media and technology services to consumers. I understand that those are the trademarks identified in the Complaint that SVOTHI filed against the Defendants in this case in January 2025. The Website also uses the other related marks and properties over which the Defendants claim exclusive rights in this Motion, including rawfuckclub.com, "Raw Fuck Club" and "RFC Channels."

12. To my knowledge SVOTHI does not use the domain "rfcchannels.com" that the Defendants claim in their Motion, though it appears to me to be very similar to the marks and domains that SVOTHI does use in connection with its business.

D.    **The requested injunction would immediately harm SVOTHI and its Users**

13. I understand that the Defendants seek an injunction immediately prohibiting SVOTHI from using all of the above-mentioned trademarks and domain names, along with any similar domain names or trademarks.

14. Entry of that injunction would be hugely disruptive and harmful to SVOTHI's business. It would immediately interfere with our ability to operate the Website, which is hosted at rawfuckclub.com, and which for years has been available at that same domain and using the same consistent RFC Marks and brand.

15. Members, who have paid and continue to pay recurring membership fees for access to the Website, would find themselves unable to access the services that they have paid for; they would be confused and angry, and would terminate (or charge back) their paid memberships, resulting in direct and immediate financial harm to SVOTHI. Users would find themselves unable to access the site.

16. In addition, the injunction would harm the whole network of SVOTHI affiliates, such as other web entities that earn revenue by referring user traffic to the Website, and would leave users of those network affiliates with broken links and web dead-ends.

17. The injunction would also immediately harm hundreds of producers, many of whom are individuals who rely on the revenue they earn from their relationship with the Website.

**E.     SVOTHI, Inc. and VideoApp, Inc.**

18. SVOTHI, Inc. is a New York corporation that was incorporated in July 2000. It has been in continuous existence since 2000.

19. I understand that the Defendants claim in their motion that SVOTHI "operate[s] as a single economic unit" with another company known as VideoApp, Inc., which the Defendants identify as "a Nevis corporation."

20. SVOTHI, Inc. and VideoApp, Inc. are separate corporate entities with separate corporate existences. SVOTHI, Inc. uses its own bank accounts, has its own corporate organization

and governance, has its own operations, and owns and controls the Website without involvement by VideoApp, Inc.

21.     SVOTHI is adequately capitalized to run its business (though that status could be in jeopardy if the Court were to enter the requested injunction).

**F.     Conclusion**

22.     I request that the Court deny the Defendants' motion.

23.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I would testify to the same at a hearing on Defendants' application for preliminary injunctive relief.

Dated:          February 12, 2025            *Cynthia Corso*
                                             Cynthia Corso