# EXHIBIT 23

---------- Forwarded message ---------
From: **Wesley Mullen** <wmullen@mullenpc.com>
Date: Thu, Aug 13, 2020 at 12:47 PM
Subject: Fwd: Courtesy Copy
To: Damian Todaro <damian@videoapp.net>, Robert Felt <robert@darkalleymail.com>


PRIVILEGED & CONFIDENTIAL

Dear Clients,

See attached Mr. Sperlein's response to our letter. In conclusion, we disagree.

Some of the arguments in the letter have merit. I'm not sure that the way they are presented will assist the Court in sorting things out.

What happens next?  I will have a phone call with Mr. Sperlein on Monday to discuss the case schedule; the Judge will likely want to discuss these letters with us at a conference on August 25; and I will keep you both posted as to progress. No homework for today.

Wes

Wesley M. Mullen
**MULLEN P.C.**
200 Park Avenue
Suite 1700
New York, NY 10166
(646) 632-3718
wmullen@mullenpc.com

www.mullenpc.com


---------- Forwarded message ---------
From: **Gill Sperlein** <gill@sperleinlaw.com>
Date: Thu, Aug 13, 2020 at 12:29 PM
Subject: Courtesy Copy
To: Wesley Mullen <wmullen@mullenpc.com>
Cc: Edward S. Rudofsky <ed@rudofskylaw.com>

Wes - please find attached a courtesy copy of our response to your request for a pre-motion conference, which we filed today.

Gill

_____
D. Gill Sperlein



**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege and/or the Work Product Doctrine. This transmission is intended only for the use of the individual or entity named above.

Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.



033_Plaintiffs Response to Letter Motion.pdf
328 KB

August 13, 2020

Hon. Mary Kay Vyskocil, U.S.D.J
VIA ECF

   Re:  **<u>EMBV Media, S.A. v. VideoApp, Inc. et al., 20 CV 4228</u>**

Your Honor:

By this letter, Plaintiff presents its position in response to Defendant's Request for a Pre-Motion Conference in advance of filing of a motion to dismiss.

Regarding the adequacy of service of process, Defendant's motion is meritless for at least three (3) reasons: *First,* as Your Honor pointedly inquired during the conference call on August 4, 2020, Mr. Mullen has unconditionally appeared on behalf of both defendants. It is axiomatic that a party may not respond to a Summons by having an attorney generally appear in the action, then later claim it was not properly served. *Second,* Your Honor held Defendant VideoApp in default, but vacated the default. A party who has not been served with process cannot have been in default. *Thirdly,* pursuant to F.R.Civ.P. 4(h), a corporation may be served "in the manner prescribed by Rule (4)(e)(1) for serving an individual." In turn, Rule 4(e)(1) requires following State law. Here, however, the applicable State law expressly permits "nail and mail" service on an individual. [N.Y.C.P.L.R. 308(4).] Moreover, to serve a corporation, N.Y.C.P.L.R. 311(a)(1) requires only "delivery" to an officer or director of the corporate defendant, *not* "service. At bar, there is no question that the Summons and Complaint were "delivered" to Defendant VideoApp's President by delivery to his Fire Island residence and mailing to his Post Office Box, which is a matter of public record.[1]

On the merits of Defendants' proposed Rule 12(b)(b) motion, Defendant VideoApp argues that based on the court's holding in *Spinelli v. NFL*, 96 F.Supp.3d 81, 121 (S.D.N.Y. 2015) it has a complete defense to Plaintiff's copyright and trademark claims, however, Defendant excised from the quote "… and '[d]ismissal of a claim for copyright infringement is proper where a contract underlying the suit *clearly and unambiguously demonstrates the existence of the defendant's license* to exploit the plaintiff's copyrights and where plaintiff has not shown any limitation on that license.'" *Spinelli,* 96 F.Supp.3d at 121 (*emphasis added*). Here, the contract underlying the suit does not "clearly and unambiguously" demonstrate the existence of the licensing rights claimed by VideoApp. Indeed, the opposite is the case.

---

[1] The Magistrate Judge's opinion cited by Defendant's counsel, *Gabr Int'l Trading Corp. v. Birdsall,* 2009 U.S. Dist. LEXIS 129814, at *3-4 (E.D.N.Y. Feb. 12, 2009), did not address the "for serving an individual" standard of Rule 4(e)(1), nor did he analyze the difference between the different statutory terms used, "delivery" and "service" under N.Y.C.P.L.R. 311(a)(1).

Continued use of a copyrighted work after a license allowing for lawful use of the work expires states a claim for copyright infringement. *See Kanakos v. MX Trading Corp.*, 1981 WL 1377 at *2 (S.D.N.Y., September 16, 1981

To demonstrate that it holds a license that allows it to perpetually exploit EMBV's copyrights, PPV relies on Section 2 of the Contract which reads, "[n]otwithstanding termination of this Agreement, the License granted by Producer to PPVNetworks shall remain indefinitely." [2]

The cited provision cannot have the meaning VideoApp assigns to it because other provisions of the Agreement conflict with the proposition that PPV's license was perpetual. Specifically, § 11 addresses various detailed provisions relating to termination, including providing a 12-month "tail period" during which VideoApp was permitted to continue using Plaintiff's Works on <ericraw.com>. It is inconsistent to state in one place that the right to use the works is limited to 12 months from termination and in another place state that PPV has the right to use the works indefinitely with no explanation why a specific limitation is provided in one place and removed in another.

When interpreting provisions of a contract (a) a court must look at the contract as a whole rather than examine individual terms in a vacuum, and (b) a contract should not be interpreted so as to render a clause superfluous or meaningless." *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir.1992) Further, when "a specific provision ... governs the circumstance to which it is directed," it controls "even in the face of a more general provision," *Capital Ventures Int'l v. Republic of Argentina*, 652 F.3d 266, 272 (2d Cir.2011). Here the specific time limitations set forth in §11 must govern over the general and broad language of §2.3. Moreover, since PPV drafted the contract, any ambiguities must be resolved in favor of Plaintiff. *McCarthy v. Am. Int'l Group, Inc.*, 283 F.3d 121, 124 (2d Cir.2002*Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 348; Restatement [Second] of Contracts § 206 (1981)

Further, a contract that provides for a perpetual license even after the termination, would be exceedingly rare and it would be patently unfair to impose an interpretation that would allow PPV unlimited use of Plaintiff's works when, clearly, that was not the intention.

The only interpretation of § 2.3 that makes sense is that it means "notwithstanding Plaintiff's termination of the Agreement," VideoApp had the right to continue use of Plaintiff's Works on the Sites (*i.e.* <ericraw.com>) during the tail period.

Moreover, even if the License were to remain in effect in perpetuity, the § 2 grant of the License is limited to the "right to use, integrate and incorporate [ the Works] in Sites." Sites is defined at §1.9. The only Site within this definition is <ericraw.com>. Thus, even if §2.3 grants a perpetual license, that License is limited to use on <ericraw.com>.

---

[2] Although the phrase "notwithstanding" is often used in the legal field, several published articles have point out that it is notoriously confusing to laypeople. Here that confusion is compounded by Mr. Bennouchene's (Plaintiff's president) limited English.

**Count 1, Copyright Infringement claim based on use of work never licensed -** The infringed movie "Bastian Se Fait Remplir par 2 Lascar" was never part of the contract as it was first published after termination of the contract and thus was never included in the license.

**Counts 2, 3, and 4, Copyright Infringement claims based on post termination third party use** – VideoApp's right to distribute DVDs through a distributor and its right to arrange for the publication on third party websites (i.e. all sites other than ericraw.com) derive from a recitals, or "whereas" clauses. These uses were not included in the §2 definition of "the License." The License, as defined within the contract, is limited to PPV's use of EMBV works on "Sites" which is defined to include only the jointly owned <ericraw.com> website. The 12-month use of the Works after termination as set forth in the termination section is limited to the Sites (*i.e.* <ericraw.com>). Therefore, DVD distribution and use on any website other than ericraw.com after February 28, 2019 constituted copyright infringement. The "notwithstanding" language found at § 2.3 is limited to the "License" described in section 2 and is limited to use on <ericraw.com>.

**Count 5, Trademark Infringement** – PPV's right to use EMBV's trademarks was limited to the term of the contract and any use after February 29, 2020 constituted Trademark infringement.

**Count 7, Breach of Covenant of Good Faith** – Plaintiff's claim for breaching the implied covenant of good faith is not identical to the breach of contract claim in that it covers activity that occurred outside the contract.

**Count 8, Statutory Consumer Fraud (GBL § 349)** - VideoApp fraudulently promised subscribing members of the public that they would have access to the ericraw.com website for a period of four months, then continuing to bill the subscribers after VideoApp took the site offline. This is the type of improper business practice proscribed by § 349. *People by Vacco v. Lipsitz*, 174 Misc. 2d 571, 582, 663 N.Y.S.2d 468, 475 (Sup. Ct. 1997).

Plaintiff has standing. "N.Y. Gen Law § 349(h). A plaintiff does not have to be a member of the consuming public to bring a § 349 claim, if it was also harmed by the deceptive act. (*City of New York v Smokes-Spirits.Com, Inc*., 2009 NY Slip Op 4699, 12 N.Y.3d 616,623, 883 N.Y.S.2d 772, 911 N.E.2d 834.

**Count 10 (an accounting) and Count 11 (injunction**) - In order to avoid otherwise unnecessary motion practice, Plaintiff agrees to strike Counts 10 and 11 as separately stated claims, but maintains the appropriate request for relief as set forth in the prayer at No. 5 (injunctive relief) and No. 6 (a full and complete accounting).

Respectfully submitted,

*/s/ D. Gill Sperlein*
_____
D. GILL SPERLEIN
Counsel for Plaintiff EMBV, S.A.

**Replies, Opposition and Supporting Documents**
1:20-cv-04228-MKV EMBV Media, S. A. v. Videoapp, Inc. et al

CASREF,ECF

# U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Sperlein, Gill on 8/13/2020 at 12:25 PM EDT and filed on 8/13/2020

**Case Name:** EMBV Media, S. A. v. Videoapp, Inc. et al
**Case Number:** 1:20-cv-04228-MKV
**Filer:** EMBV Media, S. A.
**Document Number:** 33

**Docket Text:**
**LETTER RESPONSE in Opposition to Motion addressed to Judge Mary Kay Vyskocil from D. Gill Sperlein dated 08/13/2020 re: [32] LETTER MOTION for Conference** *re Defendants' Anticipated Motion to Dismiss* **addressed to Judge Mary Kay Vyskocil from Wesley M. Mullen dated August 10, 2020. . Document filed by EMBV Media, S. A...(Sperlein, Gill)**

**1:20-cv-04228-MKV Notice has been electronically mailed to:**

Edward Steven Rudofsky     ed@rudofskylaw.com

Gill Sperlein     gill@sperleinlaw.com

Wesley Martin Mullen     wmullen@mullenpc.com

**1:20-cv-04228-MKV Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=8/13/2020] [FileNumber=24435914-0] [5843f8d728e896a15eae48906d5040174946c7ae03528a5d31fa115d596016332590bdc60b8091d98b59887ec0e1493c6bb2029692213a79eb48fbb8d4cef16c]]