WESLEY M. MULLEN

MULLEN P.C.
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

February 19, 2025

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)

   Re: SVOTHI, Inc. v. Dark Alley Media LLC et ano., 25 CV 0333 (ALC)

Your Honor:

I am counsel to the Plaintiff. I write pursuant to Rules 1.A and 2.A of the Court's Individual Practices, and in advance of this afternoon's telephonic appearance for (1) a conference on Defendants' anticipated motion to stay; and (2) a hearing on Defendants' motion for a preliminary injunction. (*See* 2/8/25 Order (ECF Doc. 23).)

## I. Defendants' Anticipated Motion to Stay

Plaintiff filed the Complaint in this action on January 13, 2025. (ECF Doc. 1.) Three days later, Defendant Dark Alley Media purported to initiate a JAMS arbitration against non-party VideoApp, Inc., a company it alleges is the "alter ego" of Plaintiff SVOTHI, Inc. (ECF Doc. 17 at 1 & n.1.) Defendants then announced their anticipated motion to "stay this matter pending the outcome of" their newly-initiated arbitration against a non-party. (*Id.*)

Plaintiff SVOTHI would oppose the motion for the reasons stated in its letter of February 5, 2025. (ECF Doc. 20.)

After Plaintiff filed its letter explaining the grounds for opposition, (i) non-party VideoApp, Inc. filed a Petition in Supreme Court, New York County, pursuant to CPLR 7503, seeking permanently to stay any arbitration by Dark Alley Media against it, (ECF Doc. 26-4); and (ii) JAMS informed Dark Alley Media that it is "unable to move forward with" the arbitration, (ECF Doc. 26-2). Plaintiff therefore would oppose Defendants' anticipated motion to stay on the *additional* ground that there is no pending arbitration in favor of which to stay this case.

## II. Defendant's Motion for a Preliminary Injunction

Defendants filed reply papers on February 15, 2025 that concededly attempt to "introduce[] newly discovered evidence" that they claim "was not available until extensive searching through [Plaintiff] Mr. Felt's records." (ECF Doc. 28 at 3 ¶¶ 2, 4.) Defendants do not explain their failure to search their own records before making an application for extraordinary relief; nor do they argue that the new information was not in Defendants' possession.

WMULLEN@MULLENPC.COM | (646) 632-3718

25 CV 0333 (ALC)<br>
February 19, 2025<br>
Page 2 of 2

Plaintiff therefore objects to the Defendants' new evidentiary submissions and asks the Court to exclude them from consideration on the injunction motion. *Compare Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time it filed its motion and that is necessary for the party to meet its burden.") *with* Defs' Reply at 3 ¶ 4 (arguing that newly-offered evidence is "crucial" to Defendants' motion). Plaintiff reserves the right to object to the introduction of evidence, at the hearing or otherwise, on any proper ground.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Wesley M. Mullen

  cc:   ALCarterNYSDChambers@nysd.uscourts.gov (per Rule 1.A)
          All counsel of record