

# SHARMALAW

Law Offices of Ravi Ivan Sharma, P.C.

26 Broadway, Suite 1108, New York, New York 10004

212 537 5957
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

April 7, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    **RE:** *Svothi Inc. v. Dark Alley Media*, 25 CV 0333 – Status Updated and Defendants' Request For a Pre-Motion Conference and/or briefing schedule as to Motion to Stay Proceeding Pending Arbitration

Dear Judge Carter,

This office represents Defendants, Dark Alley Media, LLC ("DAM") and its LLC Manager and founder, Robert Felt, in the above-referenced matter. Pursuant to Your Honor's Individual Practices, we respectfully submit this letter in response to the joint status report dated March 26, 2025, and to renew Defendants' request for a Pre-Motion Conference. The anticipated motion seeks to stay this matter in its entirety pending arbitration or, alternatively, to establish a briefing schedule.

This request arises from ongoing related proceedings and unresolved arbitration issues under the Joint Venture Agreement ("JVA") between DAM and VideoApp Inc., which Defendants assert is closely related to Plaintiff, Svothi, Inc.

**Background and Procedural Posture**

Plaintiff has declined to stipulate to a stay pending the outcome of the related Article 75 proceeding in New York Supreme Court, where VideoApp seeks to stay arbitration (*VideoApp Inc. v. Dark Alley Media, LLC*, New York Co. Sup. Ct. Index 650680/2025). Defendants are

vigorously opposing VideoApp's petition, have cross-moved to compel arbitration, and filed a Third-Party Petition asserting that Plaintiff Svothi, Inc. is the alter ego of VideoApp and bound by the JVA's arbitration clause. These unresolved issues directly impact the claims in this litigation and necessitate a stay to prevent inconsistent rulings and duplicative litigation.

**Legal Basis for Stay Pending Arbitration**

The JVA contains a broad arbitration clause requiring all disputes "arising from or relating to" the JVA to be resolved through arbitration. Defendants assert that Plaintiff, as VideoApp's alter ego, is bound by this clause. This position is supported by evidence of shared ownership, management, and operational control, as detailed in affidavits previously filed by Robert Felt and bolstered by his affirmation in the Article 75 proceeding.

The Federal Arbitration Act ("FAA") establishes a strong presumption in favor of arbitration and mandates that courts resolve doubts about arbitrability in favor of arbitration (9 U.S.C. § 2). Courts have consistently held that litigation should be stayed pending arbitration-related proceedings to uphold contractual agreements and avoid prejudicing arbitration. For example, in *Doctor's Assocs. v. Distajo*, 66 F.3d 438 (2d Cir. 1995) the Second Circuit emphasized that a stay is appropriate where arbitration agreements are broad and encompass the claims at issue. Similarly, in *Mobile Real Estate, L.L.C. v. NewPoint Media Grp., L.L.C.*, 460 F. Supp. 3d 457 (S.D.N.Y. 2020), the court stayed litigation pending arbitration to avoid duplicative proceedings and ensure judicial efficiency.

Even if Plaintiff is not compelled to arbitrate, the Article 75 proceeding will significantly affect this case. For instance, if VideoApp is compelled to arbitrate, it may eliminate the need to join VideoApp as a counterclaim defendant here. Conversely, if VideoApp is not required to arbitrate, it will affect the scope of claims and defenses, and seeking to implead VideoApp will

be ripe. Proceeding with this case before resolving the Article 75 matter would be inefficient and potentially prejudicial.

**Judicial Efficiency and Avoidance of Inconsistent Rulings**

New York courts have consistently held that litigation should be stayed where the claims in arbitration and litigation are inextricably intertwined, and the resolution of arbitration may dispose of or limit the issues in litigation. This principle applies even where not all parties to the litigation are signatories to the arbitration agreement, provided the non-signatory is closely related to the signatories and the claims against them are substantially similar (*Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014); *Matter of KPMG L.L.P. v. Kirschner*, 122 N.Y.S.3d 18 (1st Dep't 2020)).

In *Matter of NBC Universal Media, L.L.C. v. Strauser*, 140 N.Y.S.3d 26 (1st Dep't 2021), the court emphasized that staying litigation pending arbitration avoids inconsistent rulings and ensures that arbitration agreements are enforced as intended by the parties. Similarly, in *Am. Media Distribs., L.L.C.*, 216 B.R. 486 (Bankr. E.D.N.Y. 1998) the court found that staying litigation pending arbitration was necessary to prevent duplicative proceedings and preserve judicial resources.

**Conclusion**

For these reasons, Defendants respectfully submit that staying this matter in its entirety pending the resolution of arbitration and related proceedings is necessary to ensure judicial efficiency, prevent inconsistent rulings, and uphold the parties' contractual obligations under the JVA. Accordingly, Defendants request that the Court schedule a Pre-Motion Conference to address the anticipated motion to stay this matter pending arbitration. Alternatively, Defendants request that the Court direct the parties to agree upon a briefing schedule.

Defendants remain available at the Court's convenience to address any questions or provide further clarification regarding this request.

Respectfully submitted,

Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. Marms@mullenpc.com, wmullen@mullenpc.com; vfitzpatrick@mullenpc.com