WESLEY M. MULLEN                                                    MULLEN P.C.
                                                          745 FIFTH AVENUE | SUITE 500
                                                          NEW YORK, NY 10151

April 10, 2025

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)

    Re:    *SVOTHI, Inc. v. Dark Alley Media LLC et ano.*, 25 CV 0333 (ALC)

Your Honor:

I am counsel to the Plaintiff in this trademark action. I write pursuant to Rules 1.A and 2.A of the Court's Individual Practices to respond to Defendants' April 7, 2025 request for a conference on their proposed motion to stay this action in its entirety. (ECF Doc. 39 (the "Letter," cited as "Ltr.").)

Defendants first proposed a motion to stay this case in favor of arbitration two months ago. (Jan. 31, 2025 Ltr. (ECF Doc. 17).) Plaintiff would again oppose the motion, for much the same reasons. *First*, Plaintiff SVOTHI is not a signatory to any arbitration agreement. *Second*, this Lanham Act case is the first-filed action; Defendants' collateral maneuvers in multiple other venues are an effort to derail this case. *Third*, Defendants waived any right they might have had to arbitration by affirmatively pursuing litigation related to the Joint Venture Agreement in New York Supreme Court and in this action, as well as by publicizing their litigations on social media and in the press.

**A.**    **Background and procedural history**

Plaintiff SVOTHI alleges that Defendants are infringing its trademarks in violation of the Lanham Act. (15 U.S.C. § 1125(a).) Defendants in turn allege trademark infringement, and numerous other counterclaims, against SVOTHI.

SVOTHI filed its Complaint on January 13, 2025. (ECF Doc. 1.) On January 16, 2025, Defendant Dark Alley purported to institute a related arbitration against non-party VideoApp before JAMS; in its arbitration demand, it claims SVOTHI is an alter ego of VideoApp. (1/16/25 JAMS Demand for Arbitration (ECF Doc. 26-1).) On January 31, 2025, it filed counterclaims against SVOTHI in this Court, (ECF Doc. 16); and it simultaneously launched a related defamation case against Mr. Todaro and VideoApp in New York Supreme Court, (Ex. A to Feb. 5, 2025 Ltr. (ECF Doc. 20-1).)

Here in this case, Defendants recently announced their intent to implead VideoApp and Mr. Todaro as third-party defendants. (Jan. 31, 2025 Ltr. (ECF Doc. 17) at 1.) Indeed, on March 14, 2025, Defendants sent Plaintiff their proposed Second Amended Answer including purported third-party claims against VideoApp and Mr. Todaro.

But the Defendants' deadline to file that proposed amended pleading (or to seek leave to file it) lapsed on April 8, 2025. (ECF Doc. 36.) Because the Defendants now appear content to proceed on the existing First Amended Answer, Plaintiff will move to dismiss the counterclaims. Plaintiff will file a pre-motion letter on that Rule 12 motion by April 16, 2025.[1]

---

[1] Defendants consent to the proposed filing date, while reserving all other rights.

WMULLEN@MULLENPC.COM | (646) 632-3718

25 CV 0333 (ALC)<br>
April 10, 2025<br>
Page 2 of 3

**B.     Plaintiff would oppose the motion to stay**

    **1.     SVOTHI is not a party to any arbitration agreement**

Defendants ask for a full stay of this case while they continue their infringing conduct, and while they continue litigating related claims in other courts. They argue a stay is justified because — approximately an hour before Defendants filed the Letter — they filed a petition in state court seeking to compel Plaintiff to arbitrate the same claims that have been pending here for months.[2]

But the Defendants' collateral attempts to compel arbitration are futile. They admit that SVOTHI is not a signatory to any agreement containing an arbitration clause, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).

The cases Defendants cite for the suggestion that non-signatory SVOTHI is bound to arbitrate — and that this case should be stayed while they litigate that issue elsewhere — do not support their position. (Ltr. at 3.) There is no substantive discussion of arbitration in *Laumann v. NHL*, 56 F. Supp. 3d 280 (S.D.N.Y. 2014), and the case makes no mention of non-signatories. *In re Am. Media Distribs., LLC*, 216 B.R. 486 (Bankr. E.D.N.Y. 1998), deals with the automatic stay under the Bankruptcy Code; it has no bearing here. And in *KPMG LLP v. Kirschner*, 182 A.D.3d 484, 485 (1st Dep't 2020), the First Department *rejected* an attempt to compel arbitration against a non-signatory, finding that the petitioner had not met its "heavy burden" to depart from the rule against arbitration against one not party to an arbitration agreement.

The same result as in *KPMG* is appropriate here. There is no basis to compel SVOTHI to arbitrate these trademark claims.

    **2.     Defendants are attempting to derail this case
through collateral litigation elsewhere**

Plaintiff filed this action on January 13, 2025. Three days later, Defendant Dark Alley purported to demand arbitration against non-party VideoApp before JAMS on the theory that SVOTHI is "falsely claiming ownership of … [Dark Alley's] trademarks." (1/16/25 JAMS Demand for Arbitration ([ECF Doc. 26-1](#)) at 3.) On February 6, 2025, JAMS informed the parties that "JAMS is unable to move forward." ([ECF Doc. 26-2](#) at 2.)

Next, on January 31, 2025, Defendants Dark Alley and Mr. Felt filed a related state court complaint against VideoApp, Mr. Todaro and others alleging that "DAM has operated a joint venture with [VideoApp] under a Joint Venture Agreement," (Ex. A to Feb. 5, 2025 Ltr. ([ECF Doc. 20-1](#)) at 6 ¶ 19), and that those defendants engaged in a "coordinated campaign of false statements [and] defamatory conduct" arising out of the Joint Venture Agreement. (*Id* at 1.) Dark Alley and Mr. Felt amended and amplified their complaint on March 24, 2025. ([3/24/25 Am. Compl.](#))

But this case is the first-filed action. Defendants' subsequent maneuvers in arbitration, and in New York Supreme Court, are all attempts to derail this case, just as is their new proposed motion to stay. Defendants should not be permitted to interfere with the first-filed action by burying it under collateral litigation. *See generally Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 131 (S.D.N.Y. 2003) ("Traditionally, under the 'first filed' rule, when there are two actions involving the same parties

---

[2] Defendants' petition to compel arbitration was rejected by the Supreme Court as procedurally defective. Defendants have since asked for leave to re-file it. SVOTHI expects to oppose.

WMULLEN@MULLENPC.COM | (646) 632-3718

pending concurrently … the 'first filed' case proceeds, and the second-filed case is either dismissed or stayed.").

### 3. Defendants waived arbitration

As set forth in Plaintiff's February 5, 2025 Letter opposing the Defendants' first proposed motion to stay, Defendants waived their right to arbitrate against VideoApp under the Joint Venture Agreement — *let alone* any purported right they might have to arbitrate against SVOTHI, who is not a party to that agreement. (Feb. 5, 2025 Ltr. ([ECF Doc. 20](#)) at 3.)

Defendants filed a defamation action against VideoApp, Mr. Todaro, and others in state court. Their complaint is scandalous; it raises spurious allegations of sexual misconduct and animal abuse and is designed to generate attention. Defendants then fed the press; Mr. Felt touted Dark Alley's claims to his hundreds of thousands of Twitter followers, describing it as the litigation "trifecta of hell." (@OwenHawkXXX (2/2/25).) He created a "10-minute TikTok explaining the lawsuits" and invited his fans to watch. (*Id.*) He sat for an interview published under the striking headline *Porn star says his career was destroyed by false claims he nearly killed a dog with meth*, J. Rohrlich, INDEPENDENT (Feb. 5, 2025) ([link](#)). And the Defendants post liberally about this case on Twitter, describing SVOTHI's claims as a "slimy grip of deception, legal loopholes, and corporate manipulation." ([Link](#) (3/14/25).) They publicly promise to "expose it all." *Id.*

Defendants' Supreme Court complaint alleges harms arising from the Joint Venture Agreement. (*See* Ex. A to Feb. 5, 2025 Ltr. ([ECF Doc. 20-1](#)) at ¶¶ 19, 20, 21, and 29.) By commencing litigation related to the same agreement that contains the only arbitration clause at issue, Dark Alley waived any rights it might once have had to resolve its claims in private arbitration. *See* e.g., *Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 274 (1985) ("The courtroom may not be used as a convenient vestibule to the arbitration hall … ."); *Volpe v. Interpublic Group of Cos., Inc.*, 118 A.D.3d 482, 483 (1st Dep't 2014) ("commencement of [an] action and … conduct in actively litigating it … constitutes a waiver of … arbitration rights … ."). And "[o]nce the right to arbitrate a particular dispute has been lost by an election to litigate it cannot be recaptured." *Sherrill*, 64 N.Y.2d at 274. So too, by deliberately publicizing their conduct in the courts, VideoApp has waived any claim it might have had to the confidentiality protections of private arbitration.

In addition, Defendants have also actively litigated their counterclaims in this case, many of which relate to the Joint Venture Agreement. (Ans. with Counterclaims ([ECF Doc. 16](#)) at 38.) They sought (and were denied) injunctive relief that would have altered the status quo. They have already amended the counterclaims once; they recently threatened to do so again, and to implead new parties, before apparently reversing course. All of it amounts to waiver.

### C. Conclusion

Plaintiff respectfully submits that no conference is necessary on Defendants' proposed motion. We thank the Court for its continued attention.

Respectfully submitted,

Wesley M. Mullen

cc:   ALCarterNYSDChambers@nysd.uscourts.gov (per Rule 1.A)
      All counsel of record