WESLEY M. MULLEN

MULLEN P.C.
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

April 16, 2025

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)

Re:   SVOTHI, Inc. v. Dark Alley Media LLC *et ano.*, 25 CV 0333 (ALC)

Your Honor:

I am counsel to Plaintiff SVOTHI, Inc. I write pursuant to Rules 1.A, 2.A and 2.D of the Court's Individual Practices to request a pre-motion conference on Plaintiff's anticipated motion to dismiss all Counterclaims in the Defendants' operative Amended Answer with Counterclaims, (ECF Doc. 19 (Am. Ans.)), pursuant to Rules 12 and 19.[1]

**A.   Background**

SVOTHI sued Defendants Dark Alley Media LLC ("Dark Alley") and Robert Felt for trademark infringement on January 13, 2025, alleging that the Defendants are infringing its common-law marks RFC, RFC.com, and .

Defendants filed their Answer with Counterclaims on January 31, 2025, (ECF Doc. 16), then amended and amplified it on February 3, 2025, (ECF Doc. 19). The operative amended pleading asserts fourteen counterclaims — purportedly against SVOTHI. But essentially all of the Counterclaims stem from the Defendants' contentions: (1) that Dark Alley and non-party VideoApp are parties to a Joint Venture Agreement (the "JVA"), (Am. Ans. at 36 ¶ 15); (2) that non-party VideoApp breached that agreement, (*id.* ¶ 32); and (3) that that SVOTHI is an "affiliate" of non-party VideoApp, Inc. who should be liable for VideoApp's conduct, (*see* Am. Ans. at 28 ¶ 19).

Defendants also sought leave to "implead and join" VideoApp. (ECF Doc. 17 at 1.) Defendants furnished a draft amended pleading, including new claims against VideoApp, to Plaintiff's counsel on March 14, 2025. (*See* ECF Doc. 40 at 1.) They have not filed it, and the stipulated deadline to do so expired on April 8, 2025. (*See id.*; *see also* ECF Doc. 36.)

After filing their counterclaims, the Defendants moved for a preliminary injunction seeking to alter the status quo by prohibiting SVOTHI from exploiting trademarks it has openly and undisputedly used in commerce for years, (ECF Doc. 21; *see* ECF Doc. 37 (Transcript) at 19:18-20:24.) Plaintiff opposed, and the Court denied the motion from the bench. (*See* ECF Doc. 37 (Transcript) at 20:23-21:9.)

---

[1] Plaintiff notes the 3-page limit under Rule 2.A. It respectfully requests a one-page enlargement of the page limit to permit a brief reasoned discussion of the grounds for dismissal of each of the Defendants' fourteen counterclaims.

WMULLEN@MULLENPC.COM | (646) 632-3718

B.       **Grounds for Plaintiff's anticipated motion**

**Count I: Declaratory Judgment.** Dark Alley's First Counterclaim seeks a declaratory judgment that Plaintiff "has no rights" in the trademarks at issue in the Plaintiff's Complaint. (*See* Am. Ans. at 39 ¶ 29.) Count I must be dismissed as an impermissible mirror-image declaratory judgment counterclaim. *Arista Records LLC v. Usenet.com, Inc.*, No. 07-CV-8822 (HB), 2008 U.S. Dist. LEXIS 95514, at *10 (S.D.N.Y. Nov. 24, 2008) (a declaratory counterclaim that is "merely a 'mirror image' of the complaint … serves no purpose and may be dismissed."). In addition, Count I is duplicative of Defendants' affirmative defenses of non-infringement, (*see id*. at 25 (Defense No. 13)), and that Dark Alley "is the rightful owner of" the marks, (*id.* at 30 (Defense No. 31)). *See Nat'l Acad. Of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021) (a "counterclaim seeking a declaratory judgment may be dismissed if it is duplicative of the counterclaimants' affirmative defenses[.]").

**Count II: Breach of Contract.** Dark Alley purports to allege breach of a January 1, 2019 Joint Venture Agreement between itself and non-party VideoApp. (*See* Am. Ans. at 39 ¶ 33; *see also id.* at 36 at ¶ 15.) But "[u]nder New York law, a party who is not a signatory to a contract generally cannot be held liable for breaches of that contract." *CityR Grp. Holdings LLC v. Foresite Realty Mgmt., LLC*, No. 17-CV-7850 (RJS), 2019 U.S. Dist. LEXIS 55966, at *8 (S.D.N.Y. Mar. 29, 2019). There is no counterclaim against Plaintiff SVOTHI because it is not a party to the agreement and the Counterclaims contain no non-conclusory allegations to support the plausible inference that SVOTHI intended to be bound by it. Even if SVOTHI were a party, the Counterclaim alleges no cognizable breach, as the allegation that SVOTHI "breached the JVA by interfering with DAM's rights under the agreement," (*id.* ¶ 33), alleges no "specific provision[] of the contract upon which liability is predicated." *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011).

**Count III: Fraudulent Misrepresentation**. The Third Counterclaim sounds in fraud based on purported "false representations in the JVA," (Am. Ans at 40 ¶ 37), made when non-party "Mr. Todaro, on behalf of [non-party VideoApp], prior to the execution of the JVA … approved the language of" the JVA, (*id.* ¶ 39). Mr. Todaro and VideoApp are not parties and SVOTHI is not liable for their statements, even if false. Moreover, and even accepting the premise that any term of the JVA was plausibly "false," the contract consists of non-actionable promissory statements. *Rajbhandari v. Shah*, No. 02-CV-8778 (LTS) (KNF), 2006 U.S. Dist. LEXIS 894, at *15 (S.D.N.Y. Jan. 12, 2006) ("statements of future intention … are not actionable as fraudulent"). Finally, the fraud claim is not pleaded with requisite particularity. Fed. R. Civ. P. 9(b).

**Count IV: Unjust Enrichment.** This Counterclaim is duplicative of the others — including the fraud and contract claims — and alleges no distinct damages. *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115-116 (S.D.N.Y. 2021). It should also be dismissed because "the essence of a claim for unjust enrichment is that one party has parted with money or a benefit that has been received by another at the expense of the first … ." *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004) (quotation omitted). This one fails to allege how SVOTHI was enriched at Dark Alley's expense: the Counterclaims assert that SVOTHI "wrongful[ly] assert[ed] … ownership" of contested trademarks that Dark Alley admits it continues to exploit. (Am. Ans. at 43 ¶ 44.)

**Count V: Breach of Fiduciary Duty.** Dark Alley asserts that SVOTHI breached fiduciary duties "by asserting ownership of the" contested trademarks and "by interfering with DAM's rights under the JVA." (Am. Ans. at 43 ¶¶ 50-51.) But SVOTHI was not a party to any agreement with Dark Alley, and there is no allegation to support a fiduciary relationship. *Hongying Zhao v. JPMorgan Chase & Co.*,

No. 17-CV-8570 (NRB), 2019 U.S. Dist. LEXIS 40673, at *13 (S.D.N.Y. Mar. 13, 2019). Likewise, there is no breach. The Counterclaims do not allege the source of any purported obligation not to "assert ownership" of trademarks; the purported "interference" is vague and conclusory; and in any event, neither "rise[s] to the level of a breach of fiduciary duty." *Cortez v. Stillwell Ready-Mix & Bldg. Materials, L.L.C.*, 20-CV-7775 (AKH), 2022 U.S. Dist. LEXIS 7345, at *9 (S.D.N.Y. Jan. 13, 2022).

**Count VI: Conversion.** The Sixth Counterclaim alleges that SVOTHI converted Dark Alley's trademarks. "[I]t is well settled, and quite easy to determine … that there is no action for trademark conversion." *Lemonis v. A. Stein Meat Prods.*, No. 14-CV-3073 (DLI) (RLM), 2015 U.S Dist. LEXIS 27776, at *12 (E.D.N.Y. Mar. 6, 2015). And to the extent the conversion claim is premised on SVOTHI's unspecified "use" of unspecified "content," it fails because "there is no [alleged] interference with [the plaintiff's] right of possession and [it] maintains access to the allegedly converted intangible property." *Lopez v. Bigcommerce, Inc.*, 16-CV-8970 (JPO), 2017 U.S. Dist. LEXIS 120842, at *12 (S.D.N.Y. Aug. 1, 2017).

**Count VII: Trademark Dilution.** This Counterclaim requires a plaintiff plausibly to plead that "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Technomarine SA v. Jacob Time*, 905 F. Supp. 2d 482, 493 (S.D.N.Y. 2012). The conclusory pleading at Paragraphs 58-61 of the Counterclaims, (Am. Ans. at 44), "merely recites the elements … in a conclusory fashion," *id.*, and there is nothing to support a plausible inference of fame or dilution of quality.

**Count VIII: Rescission of the JVA.** Count Eight seeks rescission of the JVA based on SVOTHI's "fraudulent conduct in inducing DAM to enter into the JVA." (Am. Ans. at 44 ¶ 63.) But "rescission is an equitable remedy, not an independent cause of action." *Procapui-Productores De Camaroes De Icapui Ltda v. Leyani*, No. 07-CV-6627 (BSJ), 2010 U.S. Dist. LEXIS 65868, at *10 (S.D.N.Y. Jun. 22, 2010). Even if rescission were properly a cause of action, it would not lie against a non-party to the JVA, who is not alleged to have made any purportedly false statement in the JVA, *see supra*. And VideoApp, as a signatory to the contract, is a necessary party to any action for rescission. *Davis v. M&M Developer, LLC*, Nos. 14-10991 through 10993, 531 B.R. 363, 417 ("All persons whose rights … would be affected by the … rescission of a[] … contract are … necessary parties."); *see* Fed. R. Civ. P. 19.

**Count IX: Enforcement of Section 12.4 of the JVA.** Dark Alley seeks "enforcement of" the provision of the JVA that it claims "entitle[s it] to all digital assets … upon termination due to VideoApp's breach." (Am. Ans. at 45 ¶¶ 66-67.) Here too, SVOTHI did not sign the JVA and Dark Alley has elected not to join VideoApp as a defendant. This claim fails for all the same reasons as the breach of contract counterclaim. *Supra.*

**Count X: Accounting**. Count Ten purports to seek "an accounting of revenues and profits generated from the use of the JV Marks and DAM's content." (Am. Ans. at 45 ¶ 69.) Accounting is a remedy, not a claim; this claim is phrased as a demand for discovery, not a remedy; and in any event, "[a]n accounting claim is not proper where money damages are recoverable under alternative causes of action for the same injury." *Vogel v. TakeOne Network Corp.*, 22-CV-3991 (AS), 2024 U.S. DIST LEXIS 35244, at *12 (S.D.N.Y. Feb. 29, 2024.).

**Count XI: Alter Ego Liability.** Dark Alley proposes to "pierce the corporate veil and hold … [SVOTHI] liable for the actions and obligations of" non-party VideoApp, on the theory that they are

alter egos of one another. (Am. Ans. at 47 ¶ 84.) VideoApp is "a Nevis corporation," (*id.* at 34 ¶ 6), and "under New York choice-of-law principles, the issue of whether the corporate veil may be pierced is determined under the law of the state of incorporation." *Golub v. Blum*, No. 23-CV-10102 (JSR), 2024 U.S. Dist. LEXIS 59381, at *7 (S.D.N.Y. Apr. 1, 2024). The Counterclaims make no effort to plead veil-piercing under Nevis law; and even under New York law, the allegations are inadequate. "[I]n order to properly plead an alter-ego theory under New York law, a plaintiff must establish two elements: (1) complete control and domination by the parent company; and (2) that this domination was used to perpetrate a fraud or wrong upon the plaintiff." *See id.* at 9 n.3. Here the Counterclaims satisfy neither element. As to domination, the Counterclaims merely string together conclusory (and non-factual) allegations that SVOTHI "was aware of some or all" of VideoApp's activities and "was affiliated with" VideoApp, (Am. Ans. at 37 ¶¶ 27, 29), which does not clear the high bar for complete domination. Likewise, the Counterclaims do not plead that any domination was used to perpetrate or fraud or wrong upon Dark Alley: it merely alleges that VideoApp breached the JVA and that VideoApp and SVOTHI are "affiliate[d]." (*See id.* at 46 ¶ 82; *id.* ¶ 77.)

**Count XIII:[2] Trademark Infringement, 15 U.S.C. § 1125.** To plead this Counterclaim, a plaintiff must plausibly allege that it owns a valid mark entitled to protection; that the defendant used the mark in commerce, without the plaintiff's consent, in connection with the sale or advertising of goods or services; and that the defendant's use of the mark is likely to cause consumers confusion. *E.g. Lopez v. Bonanza.com, Inc.*, 17-CV-8493 (LAP), 2019 U.S. Dist. LEXIS 170715, at *14 (S.D.N.Y. Sept. 30, 2019). Here, Dark Alley's claim to ownership of the marks in controversy depends on improperly pleaded predicate questions under the JVA between itself and VideoApp, who is a necessary party. In addition, the Counterclaims plead only the conclusory allegations that: (a) SVOTHI "sell[s] competing goods" (SVOTHI does not and is not plausibly alleged to sell any goods at all); and that (b) such use will cause unspecified consumer confusion for unspecified reasons. *See* Am. Ans. at 33 ¶¶ 7-8.

**Count XIV: Common Law Trademark Infringement** and **Count XV: Unfair Competition.** New York common law trademark infringement and unfair competition are "virtually identical" to the standards for trademark infringement and unfair under the Lanham Act, except that the New York claims require an additional showing of bad faith. *Lopez*, 2019 U.S. Dist. LEXIS 170715, at *39; *see Kid Car NY, LLC v. Kidmoto Techs. LLC*, 518 F. Supp. 3d 740, 753 (S.D.N.Y. 2021) ("The elements of a federal trademark-infringement claim and a New York unfair competition claim are almost indistinguishable, except that New York requires an additional element of bad faith."). Because the Lanham Act counterclaim must be dismissed, so must these ones be. *Lopez*, 2019 U.S. Dist. LEXIS 170715 at *39. They are also duplicative. *Cravez v. BBC*, No. 17-CV-9572 (JGK), 2019 U.S. Dist. LEXIS 87926, at *12 (S.D.N.Y. May 23, 2019). And in any event, there is no allegation sufficient to support an inference of bad faith.

We thank the Court for its attention.

Respectfully submitted,

Wesley M. Mullen

cc:   ALCarterNYSDChambers@nysd.uscourts.gov (per Rule 1.A)
      All counsel of record

---

[2] There is no Count XII in Defendants' Amended Answer.