

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA,  P.C.

26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

April 21, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE**: *Svothi Inc. v. Dark Alley Media*, **25 CV 0333** – Response to Plaintiff's request for Pre-motion Confereence re its proposed Motion to Dismiss the Counterclaims

Dear Judge Carter,

I represent the Defendants, Dark Alley Media, LLC and Robert Felt, in the matter referenced above. This letter is in response to Plaintiff SVOTHI, Inc.'s request for a pre-motion conference concerning its anticipated motion to dismiss all counterclaims asserted by the Defendants. The Defendants respectfully oppose the Plaintiff's request.

Please be advised that today, the Defendants have filed a motion to stay this action pending arbitration pursuant to 9 U.S.C. § 3. Considering this filing, the Defendants respectfully request that the Court stay the pre-motion conference and any related proceedings until a decision is made regarding the motion to stay.

Despite this request, the Defendants present the following arguments in response to the Plaintiff's letter. However, in accordance with Your Honor's Individual Practices 2.D.i., the Defendants respectfully intend to inform the Court at the pre-motion conference that they will file an amended pleading. This amended pleading will be submitted within two weeks following either: (a) the pre-motion conference, (b) the resolution of the motion to stay if it is denied, or (c) the conclusion of arbitration, should any claims in the complaint remain after arbitration.

1. **Declaratory Judgment Counterclaim**: Plaintiff argues that the declaratory judgment counterclaim is duplicative. Plaintiff's reliance on *Arista Records LLC v. Usenet.com, Inc.* is misplaced. Courts have recognized that declaratory judgment counterclaims are appropriate when they seek to resolve disputes distinct from the plaintiff's claims. Here, Defendants seek a declaration of their ownership rights under the JVA, which is not merely a mirror image of Plaintiffs claims. See, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

2. **Breach of Contract**: Plaintiff contends that SVOTHI cannot be held liable as it is not a signatory to the JVA. However, under New York law, a non-signatory may be held liable if it is an alter ego of a signatory or acted in concert with a signatory. See *Highland Crusader Offshore Partners, L.P. v. Targeted Delivery Tech. Holdings, Ltd.*, 184 A.D.3d 116, 121-22 (1st Dept 2020) (non-signatories may be bound under alter ego theories). Defendants have alleged that SVOTHI is an affiliate and alter ego of VideoApp, Inc., and that it interfered with Defendants contractual rights. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131 (2d Cir. 1991)

3. **Fraudulent Misrepresentation**: Plaintiff asserts that the fraud counterclaim lacks particularity. However, Defendants have detailed specific misrepresentations made by Damian Todaro on behalf of VideoApp, Inc., including false assurances regarding the ownership of the JV Marks. While fraud claims must be pleaded with particularity, Defendants have done so by identifying the specific statements, their context, and the resulting harm. *Sandoz Inc. v Medwiz Solutions, LLC*, 2022 US Dist LEXIS 7211 [SDNY Jan. 12, 2022, No. 20-CV-6943 (NSR)].

4. **Unjust Enrichment**: Plaintiff argues that the unjust enrichment counterclaim is duplicative. However, unjust enrichment claims are viable when they address conduct not covered by a contract. Defendants allege that Svothi wrongfully asserted ownership over the JV Marks and exploited them for its benefit, which is distinct from the breach of contract claim.

5. **Breach of Fiduciary Duty**: Plaintiff contends that no fiduciary relationship exists. However, joint venture partners owe fiduciary duties to one another. (*GE Oil & Gas, LLC v Turbine Generation Servs., LLC*, 2019 US Dist LEXIS 76885 [SDNY May 7, 2019, No. 18-CV-7555 (VEC)]). Defendants have alleged that Svothi, as an affiliate and/or principal of VideoApp, breached its fiduciary duties by asserting ownership of the JV Marks and interfering with Defendants rights.

6. **Conversion**: Plaintiff argues that trademarks cannot be the subject of conversion claims. However, Defendants conversion claim also pertains to digital assets and content, which are subject to conversion claims under New York law. *Thyroff v Nationwide Mut. Ins. Co.,* 8 NY3d 283 [2007].

7. **Trademark Dilution**: Plaintiff asserts that the dilution counterclaim lacks sufficient allegations. Defendants have alleged that the JV Marks are distinctive and that SVOTHIs unauthorized use has diluted their value. *Nabisco, Inc. v PF Brands, Inc.*, 191 F3d 208 [2d Cir 1999].

8. **Rescission**: Plaintiff argues that rescission is not an independent cause of action. However, rescission is an equitable remedy available for fraudulent inducement, which Defendants have alleged.

9. **Accounting**: Plaintiff contends that accounting is a remedy, not a cause of action. However, Defendants seek an accounting to determine the extent of damages caused by Svothi's conduct.

10. **Alter Ego Liability**: Plaintiff argues that the alter ego counterclaim is inadequately pleaded. However, Defendants have alleged shared ownership, commingling of resources, and control by Damian Todaro, which satisfy the requirements for piercing the

corporate veil. *BML Props. Ltd. v China Constr. Am., Inc.*, 2024 NY Slip Op 33828[U] [Sup Ct, NY County 2024], *Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341 [1st Dept 1996], *Davis v M&M Developer, LLC (In re MBM Entertainment, LLC)*, 531 BR 363 [Bankr SDNY 2015].

11. **Trademark Infringement and Unfair Competition**: Plaintiff asserts that these counterclaims are duplicative and lack allegations of bad faith. However, Defendants have alleged that Svothi's actions were willful and intended to misappropriate the goodwill associated with the JV Marks. *Chester Barrie, Ltd. v Chester Laurie, Ltd.*, 189 F Supp 98 [SDNY 1960], *Cartier, Inc. v Deziner Wholesale, L.L.C.*, 2000 US Dist LEXIS 4157 [SDNY Apr. 3, 2000], *Soter Tech., LLC v IP Video Corp.*, 523 F Supp 3d 389 [SDNY 2021].

Finally, as pointed out above, Defendants have filed a motion to stay this action pending arbitration under 9 U.S.C. 3. In light of the motion to stay this action pending arbitration under 9 U.S.C. 3., and the arguments Defendants respectfully request that the Court stay the pre-motion conference and any related proceedings pending a decision on the motion to stay.

Respectfully submitted,

Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. Marms@mullenpc.com, wmullen@mullenpc.com; vfitzpatrick@mullenpc.com

3