

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.
26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

May 23, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Svothi Inc. v. Dark Alley Media*, 25 CV 0333 – Response to Plaintiff's request for Pre-motion Confereence re its proposed Motion to Dismiss the Counterclaims

Dear Judge Carter,

We write on behalf of Defendants Dark Alley Media, LLC ("DAM") and Robert Felt. Defendants respectfully request a ruling on our fully submitted motion to stay this action pending arbitration. We advised Plaintiff Svothi's counsel that we intended to seek a stay of all activity pending the Court's decision and would be writing to the Court to set forth the parties' positions.

**1. Plaintiff's Position and Failure to Oppose**. As you know, Defendants requested a pre-motion conference regarding a proposed motion to stay the proceedings based on the ongoing Article 75 proceeding initiated by Plaintiff's alter ego, VideoApp Inc. ("VideoApp") in New York County Supreme Court. Such proceeding seeks to stay the arbitration filed by DAM against VideoApp under the Joint Venture Agreement ("JVA"), which concerns the same marks Plaintiff claims ownership of in this case. Additionally, DAM has filed a motion before this court on April 21, 2025 to stay this matter pending the JAMS arbitration, arguing that Plaintiff, as the alter ego of its affiliate VideoApp, should be subject to the JVA issues in the pending JAMS arbitration. Despite this, Plaintiff has neither filed any opposition nor requested additional time to do so. In response to my indication that we intended to write this letter, counsel informed me that Plaintiff Svothi's opposes this request and such is based on reasons outlined in their April 10, 2025 letter (ECF Doc. 40) and indicated plaintiff would file a formal opposition if leave for our motion was granted (such letter referred to our request for pre-motion conference as detailed above). We contend that Plaintiff was not entitled to delay filing an opposition to the pending filed motion until invited and has lost any opportunity to do so.

Plaintiff's counsel also opined that the pending motion is not equivalent to a "petition" as permitted without need of pre-motion conference under your individual practices. This distinction is semantic at best under the Federal Arbitration Act (FAA) and the Court's practices. The FAA authorizes a stay by motion, and courts routinely grant such relief when the non-movant fails to oppose or otherwise demonstrate prejudice.

Finally, the alter-ego argument raised in Mr. Mullen's April 10, 2025, letter is incorrect. The issue of alter ego need not be litigated at this point because the underlying facts and issues in the pending JAMS arbitration (and the outcome of the Article 75 proceeding) substantially overlap with those in this case. The FAA mandates the enforcement of arbitration agreements according to their terms, and Courts may stay litigation when one party is engaged in arbitration with an affiliate of the opposing party, and the arbitration involves overlapping facts and issues. This discretionary power is exercised to avoid duplicative proceedings, prevent inconsistent outcomes, and promote judicial efficiency, even when the litigants themselves are not directly bound to arbitrate with each other. *Moore v. Interacciones Glob., Inc.*, No. 94-cv-4789, 1995 U.S. Dist. LEXIS 971, 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) (It is well-settled that claims are appropriately stayed when they involve common issues of fact and law with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating parties).

**2. Plaintiff's Conduct During the Pendency of the Motion**. Despite the pending status of both our January 31, 2025 letter requesting a pre-motion conference regarding a stay (pending the Article 75 proceeding) and our fully briefed motion to stay (to compel arbitration with Svothi as alter ego subject to the JVA), Plaintiff has aggressively proceeded with discovery. This includes issuing and attempting to serve an overbroad subpoena duces tecum on a third party, as well as other discovery action. These actions further justify the need to write this letter to Your Honor now. By proceeding with discovery, Plaintiff is attempting to litigate matters intended for arbitration, thereby undermining the arbitration agreement and the Court's efficiency.

**3. Parallel State Court Proceedings initiated by VideoApp To Obstruct Arbitration.** The context of the parallel state court litigation initiated by VideoApp is revealing and impacts this proceeding. After DAM filed a JAMS arbitration demand against VideoApp under the Joint Venture Agreement (JVA), VideoApp commenced an Article 75 proceeding in New York Supreme Court to stay that arbitration. DAM cross-moved to compel arbitration, and both the petition and cross-motion are fully briefed and submitted. DAM also moved to add Svothi as a third-party respondent in that proceeding, seeking to compel Svothi to arbitrate as VideoApp's alter ego. VideoApp, through Plaintiff Svothi's counsel, Mullen P.C., opposed this motion, continuing its campaign to obstruct arbitration. Notably, the Mullen opposition refers to Svothi as "merely the alter ego of VideoApp"—an inadvertent but telling admission that VideoApp admits but considers its alter ego status with Svothi to be insignificant since Svothi was not a named party in the JVA.

Further complicating matters, intentionally or not, VideoApps' Svothi opposition mistated the corporate identities of both parties, erroneously asserting that Svothi is a Nevis corporation when it is, in fact, a New York corporation; while it is actually VideoApp that apparently still holds itself out as residing in the Caribbean tax haven of Nevis. Additionally, VideoApp refused to deny that it and Plaintiff Svothi are each other's alter ego, aside from a highly nuanced statement that both it and Svothi would "oppose challenges to their corporate form." Both parties have refused to characterize their affiliate relationship throughout. This is consistent with that their principal, Mr. Todaro, has always used each company as though they were one entity without any structure.

**4. The Law Compels a Stay Pending Arbitration**. The Federal Arbitration Act ("FAA") requires courts to enforce arbitration agreements according to their terms. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983) ("[T]he FAA requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms."). Even where alter ego or non-signatory issues remain, courts routinely stay actions to avoid inconsistent results and piecemeal litigation. See Highland Crusader Offshore Partners, L.P. v. Targeted Delivery Tech. Holdings, Ltd., 184 A.D.3d 116, 121-22 (1st Dep't 2020) (non-signatories may be bound to arbitrate under alter ego theory).

The factual record here—shared ownership, management, counsel, addresses, and financial operations, concerted obstruction of arbitration, lack of denial, and other continued "tells" as to the lack of any meaningful distinction between them—leaves little doubt that Svothi and VideoApp are alter egos. But even if the Court is not prepared to rule on that issue now, the law and the interests of justice warrant a stay pending the outcome of the arbitration and the state court proceedings. Moreover, it should be without question that at least the parties should refrain from moving this case forward with discovery and motions to dismiss etc. until this court rules on the pending motion and the two pending requests for pre-motion conferences.

**5. Relief Requested**. Accordingly, Defendants respectfully request that the Court:

- Grant Defendants' motion to stay this action in its entirety pending the outcome of the arbitration between DAM and VideoApp, and, if the Court is so inclined, pending a determination as to whether Svothi is bound to arbitrate as VideoApp's alter ego;

- In the alternative, stay the action at least as to the claims overlapping with the arbitration, and permit the arbitrator to take evidence, in the first instance, whether Svothi is bound by the arbitration clause whether or not it is the alter-ego of VideoApp;

- Enter such further and other relief as the Court deems just and proper, including, if appropriate, staying discovery pending decision on these issues, and entry of default or other sanctions for Plaintiff's failure to substantively oppose the motion.

Defendants believe that granting this relief will uphold the integrity of the arbitration process, prevent duplicative litigation, and ensure judicial efficiency in resolving the intertwined

disputes. We thank the Court for its attention to this matter and are available to provide any further information the Court may require.

Respectfully submitted,

Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. Marms@mullenpc.com, wmullen@mullenpc.com; vfitzpatrick@mullenpc.com