**WESLEY M. MULLEN**

MULLEN P.C.
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

September 2, 2025

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

<u>VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)</u>

Re:   <u>SVOTHI, Inc. v. Dark Alley Media, LLC</u> *et ano.*, 25 CV 0333 (ALC)

Your Honor:

I am counsel to Plaintiff SVOTHI, Inc. I write pursuant to Rules 1.A and 2.A[1] of the Court's Individual Practices to respond to Defendant's letter, (the "<u>Letter</u>" (cited as "<u>Ltr.</u>")), filed August 25, 2025. (ECF Doc. 64.) Plaintiff would oppose Defendants' proposed motion to disqualify Plaintiff's counsel. The proposed motion is meritless, tactical, and untimely.

**A.    Background**

In January 2025, SVOTHI sued Defendants Dark Alley Media LLC ("<u>Dark Alley</u>") and Robert Felt for trademark infringement. (ECF Doc. 7.) The Complaint alleges that the Defendants are infringing SVOTHI's common-law marks RFC, RFC.com, and [RFC logo] for adult video businesses. (*Id.*) Defendants filed and promptly amended an answer with counterclaims, (ECF Docs. 16, 19), then moved for a preliminary injunction, (ECF Doc. 21). They contend that Plaintiff is an "alter ego" of non-party VideoApp Inc. (ECF Doc. 19 at 28 ¶ 20; ECF Doc. 21-30 at 5 ¶ 3.) Plaintiff opposed the injunction motion; the Court denied it. (ECF Docs. 33, 37.) Defendants then announced their intent to implead VideoApp as a third party. (ECF Doc. 17.) They have not.

Defendants also reacted to this lawsuit by filing a battery of parallel proceedings. Days after SVOTHI filed its Complaint, Defendant Dark Alley noticed an arbitration against VideoApp. JAMS declined to administer it. (ECF Doc. 26-2.) Defendants have sued VideoApp, its founder Mr. Todaro, and his domestic partner for defamation in New York Supreme Court. (ECF Doc. 20-1.) VideoApp and Mr. Todaro moved to dismiss under the New York anti-SLAPP statute.

After months of negotiations, the parties reached a settlement in principle on June 20, 2025. (ECF Doc. 52.) The Court entered a conditional order of discontinuance. (ECF Doc. 53.) Non-party Mr. Edisad filed a letter "object[ing] to the proposed or executed settlement" on the ground that he is a 50% shareholder of Defendant Dark Alley and "was not informed of, consulted about, or consenting to any settlement … ." (ECF Doc. 57; *see* ECF Doc. 68.) Mr. Edisad has not responded to voice- and emails from Plaintiff's counsel.

The parties still negotiated settlement through July and early August. (*See* ECF Docs. 56, 63.) On August 25, 2025, Plaintiff was surprised to learn Defendants' position that "the settlement in principle has lapsed" and "the parties are not close to agreement." (Ltr. at 1.)

---

[1] Under Rule 2.A, pre-motion letters and oppositions are "not to exceed 3 pages (exclusive of letterhead and signature block(s) … ." Plaintiff respectfully requests a one-page extension, and submits that one is warranted to respond to a four-page Letter alleging conduct by counsel "incompatible with the requirements of candor … ." (Ltr. at 2.)

WMULLEN@MULLENPC.COM | (646) 632-3718

Defendants now propose to disqualify Plaintiff's counsel, nearly nine months into multiple parallel litigations and after extensive settlement negotiations, on the ground that disqualification is necessary to "preserve the integrity" of the proceedings. The proposed motion is premised on Mullen P.C.'s brief representation of Mr. Felt and non-party Dark Alley Distribution LLC in an unrelated 2020 copyright case that was resolved by pre-answer settlement. (Ltr. at 3-4; *infra.*)

### B.   Standards

"District courts have broad discretion to disqualify attorneys, but it is a drastic measure that is viewed with disfavor in this Circuit due to the delay it involves and its potential for misuse as a litigation tactic." *Mura v. Thomas*, No. 19 CV 8699 (LMS), 2020 U.S. Dist. LEXIS 76722, at *8 (S.D.N.Y. Apr. 30, 2020). "[D]isqualification has an immediate adverse effect on the client by separating him from counsel of his choice," and "disqualification motions are often interposed for tactical reasons." *Board of Ed. of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). "[E]ven when made in the best of faith," disqualification motions "inevitably cause delay." *Id.* ("[U]nless an attorney's conduct tends to 'taint the underlying trial,' courts should be quite hesitant to disqualify … .").

District Courts "must take a restrained approach that focuses primarily on preserving the integrity of the trial process." *Zhang v. Weseley*, No. 23 CV 00014 (ALC), 2024 U.S. Dist. LEXIS 47658, at *2 (S.D.N.Y. Mar. 15, 2024) (citations and quotations omitted). They "must consider the factual record underlying such a motion in detail to determine whether the party seeking disqualification has sustained the high standard of proof necessary to disqualify opposing counsel." *Miller v. Apple, Inc.*, No. 25 CV 1172, 2025 U.S. Dist. LEXIS 66324, at *3 (S.D.N.Y. Apr. 7, 2025) (citation and quotation omitted).

The Letter invokes Rule 1.9 of the New York Rules of Professional Conduct, which provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client gives informed consent, confirmed in writing."

### C.   The Proposed Motion Should Be Denied

The Letter proposes disqualification based on Mullen P.C.'s prior representation of Mr. Felt in an unrelated 2020 action, and its current representation of a party adverse to Mr. Felt— Plaintiff SVOTHI — in this one. Plaintiff would oppose the proposed motion for at least three reasons. First, the cases are neither the same nor substantially related, so Rule 1.9 does not apply. Second, Defendants' proposed motion is tactical. And third, Defendants' proposed motion is untimely.

Mullen P.C. has represented non-party VideoApp Inc. since July 2019. In June 2020, VideoApp was sued for copyright infringement by EBMV Media, S.A in an action that named non-party Dark Alley Distribution as a co-defendant and contributory infringer. (*See EMBV Media, S.A. v. VideoApp Inc. et al.*, No. 20 CV 4228 ([ECF Doc. 1](#)) ¶¶ 97-105.) The plaintiff in *EMBV* alleged that VideoApp breached a licensing agreement between EMBV and VideoApp. (*Id.* ¶ 1.) It alleged that Dark Alley Distribution sold infringing DVDs under a separate license with VideoApp, (*id.* ¶ 103), and that Dark Alley Distribution's conduct also constituted infringement, (*id.* ¶ 105).

VideoApp retained Mullen P.C. to defend it in that action, and also asked that Mullen P.C. represent co-defendant Dark Alley Distribution and its principal Mr. Felt. VideoApp, Dark Alley Distribution,

and Mr. Felt signed a joint engagement letter with Mullen P.C. in June 2020. (ECF Doc. 64-1.) The engagement letter defined the scope of representation as "legal advice and representation incident to defense of the matter captioned *EMBV Media, S.A. v. VideoApp Inc. et al.*, No. 20 CV 4228 … ." (*Id.* at 3.) In the engagement letter, Dark Alley Distribution and Mr. Felt expressly granted "advance consent to waiver of certain conflicts," (*id.* at 4), indicating their "agreement that the Firm may represent other parties in connection with matters outside the scope of this representation, even though such other parties may be adverse to you … ." (*Id.* at 4-5.)

The *EMBV* case settled before Defendants filed an answer or Rule 12 motion. (20 CV 4228 (ECF Doc. 52).) Mullen P.C.'s representation of Mr. Felt and Dark Alley Distribution ended in 2021.

  1.  **The matters are not "substantially related"**

Rule 1.9 bars certain successive representations involving "the same or a substantially related matter." 22 N.Y.C.R.R. 1200.0 (Rule 1.9). This case is neither, so the rule the Defendants invoke has no application.

The Letter does not contend that this case is the "same" as *EMBV*. This case is also not "substantially related," a term that "[t]he Second Circuit has applied … strictly, requiring the moving party to demonstrate that the relationship between the two matters is 'patently clear' or that the matters are 'identical' or 'essentially the same.'" *Streichert v. Town of Chester*, No. 19 CV 7133 (KMK), 2021 U.S. Dist. LEXIS 35468, at *36-37 (S.D.N.Y. Feb. 25, 2021) (internal brackets omitted) (quoting *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 803 (S.D.N.Y. 1991) and *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978)).

The Letter claims that the cases have a "substantial relationship" because they both "center on intellectual property disputes." But the issues are not identical and the relationship is anything but clear. *EMBV* involved allegations by a third-party video producer that non-party VideoApp and non-party Dark Alley Distribution infringed copyright in video content that has nothing to do with this case. (*See* No. 20 CV 4228 (ECF Doc. 1).) Here, there is no copyright issue at all; SVOTHI sues for trademark infringement based on Defendants' unauthorized use of the RFC Marks starting in late 2024. (ECF Doc. 7 ¶¶ 4, 30.) The *EMBV* plaintiff's claims against Dark Alley Distribution involved alleged distribution, in and before 2020, of DVDs that allegedly contained content produced by the *EMBV* plaintiff. (No. 20 CV 4228 (ECF Doc. 1) ¶ 103.) This case involves no DVDs.

The Letter also asserts that "the defense of [*EMBV*] involved Mr. Felt's joint venture agreements with Mr. Todaro's companies, and business relationships among the parties." (Ltr. at 3.) Nothing in the *EMBV* docket bears out the Letter's suggestion. The plaintiff in *EMBV* alleged that VideoApp breached a licensing agreement between EMBV and VideoApp, (No. 20 CV 4228 (ECF Doc. 1) ¶ 1), that terminated "on February 28, 2019 in accordance with its terms," (*id.* ¶ 36). This case, by contrast, involves Defendants' infringing conduct "[s]tarting in or about December 2024 and early January 2025." (ECF Doc. 7 ¶ 30.) And the Defendants' counterclaims relate to a Joint Venture Agreement with no effect on the *EMBV* case, (ECF Doc. 19 at 36 ¶ 15), or on the quickly-arrived-at settlement with its plaintiff. *E.g., Lankler, Siffert & Wohl LLP v. Rossi*, 125 F. App'x 371, 372 (2d Cir. 2005) ("[W]e see no substantial relationship between the subject matter of the … prior representation … and the issues in the present lawsuit … sufficient to find an abuse of discretion.") (citation and quotations omitted).

25 CV 0333 (ALC)<br>
September 2, 2025<br>
Page 4 of 4

Finally, the Letter suggests without citation that "Mr. Mullen was aware of the joint venture structure, the relationships among the parties, and the strategic considerations underlying the defense of the EMBV litigation." (Ltr. at 3.) Even assuming those assertions are true, the Letter nowhere contends that *Mr. Felt* disclosed that information in confidence to Mullen P.C., as would be necessary to implicate Rule 1.9(c). *See also Miller*, 2025 U.S. Dist. LEXIS 66324, at *3 (describing the "high standard of proof necessary to disqualify opposing counsel"). In sum, these matters are not substantially related, so Rule 1.9 does not apply.

### 2. Defendants' motion is tactical

The Second Circuit has "made it clear that motions to disqualify are disfavored," *Lankler*, 125 F. App'x at 372, because they are "often interposed for tactical reasons." *Nyquist*, 590 F.2d at 1246. Courts "must guard against the[ir] tactical use." *Murray.*, 583 F.3d at 178. Here the proposed motion is openly tactical, and so should be denied. The Letter explains the Defendants' grievance that Plaintiff's counsel sent a letter "seeking to advance Plaintiff's position" by informing a non-party of alleged infringement. (Ltr. at 2 & Ex. 2.) Advancing Plaintiff's position is the very duty of Plaintiff's counsel; mailing correspondence is not, as the Letter contends, improper conduct "incompatible with the requirements of candor and fair dealing." (*Id.* at 2.) Likewise, if the Defendants believe that "the parties are not close to agreement on several material terms [of their settlement agreement]," the appropriate course is continued negotiations or reinstatement (or both) — not, as the Letter now proposes, the drastic remedy of disqualifying opposing counsel.

### 3. Defendants' motion is untimely

"A delay of just two months in asserting that counsel should be disqualified can justify a finding that the motion to disqualify has been waived … ." *Secured Worldwide LLC v. Kinney*, No. 15 Civ. 1761, 2015 U.S. Dist. LEXIS 83558, at *14 (S.D.N.Y. Jun. 24, 2015) ("where [one party] has expended substantial resources [in] litigation against [the movant] without a word of protest … his belated (and suspiciously time) compliant will not be entertained.").

Defendant Mr. Felt has known about Mullen P.C.'s representation of VideoApp since 2020. (Ltr. Ex. 2.) The Letter confirms that Defendants' counsel has known about the prior representation since "late January" of 2025. (*Id.* at 4 n.4.) Since then, the parties have engaged in extensive litigation over Defendants' unsuccessful injunction motion, (*see* ECF Doc. 37); over Defendants' other motions and proposed motions to implead third parties, (ECF Doc. 17), to amend their pleadings, (*see* ECF Doc. 36), to stay the case or refer it to arbitration, (ECF Docs. 17, 39, 41); and over the Defendants' counterclaims, (ECF Doc. 42). And that is only in *this* case: the parties have also been contesting the Defendants' JAMS arbitration and state-court defamation case. The parties — assisted by the very counsel that Defendants would now disqualify — have spent substantial time and effort negotiating a global settlement. (ECF Doc. 52.) The late motion to disqualify is therefore waived.

Plaintiff would oppose the Defendants' proposed motion. We thank the Court for its attention.

Respectfully submitted,

*/s/ Wesley M. Mullen*
Wesley M. Mullen

cc:   All counsel of record (via CM/ECF); Mr. Edisad (via email and First Class Mail)

WMULLEN@MULLENPC.COM | (646) 632-3718