

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.

26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

September 3, 2025

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Svothi Inc. v. Dark Alley Media*, 25 CV 0333 –Defendants' REPLY letter in support of Defendants' Anticipated Motion to Disqualify Counsel for Plaintiff (and restoration of the matter to the active docket for such purpose).

Dear Judge Carter,

We write on behalf of Defendants Robert Felt and Dark Alley Media LLC in reply to Plaintiff's September 2, 2025, letter opposing Defendants' anticipated motion to disqualify plaintiff's counsel.

**Mr. Mullen fails to address his firm's clear obligations under the engagement letter.** Under New York law, a law firm's failure to comply with explicit conditions in an engagement letter—such as obtaining client consent before representing adverse parties—constitutes an independent basis for disqualification, even absent a substantial relationship between matters. The Rules of Professional Conduct and relevant case law underscore the necessity of client consent and the duty of loyalty. Here, the engagement letter imposed a contractual obligation on Mr. Mullen's firm to obtain Mr. Felt's explicit consent before representing adverse parties, regardless of subject matter.

**Attorneys must avoid not only actual conflicts of interest but also the appearance of impropriety.** In *Kassis v. Teacher's Ins. & Annuity Ass'n, 93 N.Y.2d 611*, the New York Court of Appeals emphasized that even the appearance of conflicting interests undermines public confidence and supports enforcement of engagement letter provisions designed to protect clients and maintain ethical standards. *Zywolewska v. Markiewicz*, 2025 N.Y. Misc. LEXIS 5111. This principle supports the enforcement of contractual provisions in engagement letters that are designed to protect client interests and maintain ethical standards.

**Failure to Conduct a Proper Conflict Check**. Mr. Mullen also ignores his obligation under Rule 1.10(e) to conduct a proper conflict check. Every law firm, including sole practitioners, must implement and maintain a system for checking conflicts when taking on new clients or matters. Had Mr. Mullen done so, he would have recognized that representing SVOTHI, Inc. is directly adverse to his former client, Mr. Felt—a significant lapse and independent ground for disqualification.

**Rule 1.9(a)** prohibits representing a party adverse to a former client in the same or a substantially related matter without the former client's informed, written consent. *Matter of Yeomans v Gaska*, 152 A.D.3d 1040. Mr. Mullen's firm's The firm's failure to follow the terms of engagement letter and to conduct a conflict check breaches both contractual and ethical obligations, threatening client confidences and public trust. *Id.*

**Knowledge, Candor, and Failure to Obtain Consent**. Mr. Mullen's assertion that Mr. Felt and Mr. Sharma "knew" of his firm's representation of Dark Alley Distribution does not address our specific point: in January 2025, he failed to disclose his prior representation of Mr. Felt or seek his consent to represent adverse interests.

**Substantial Relationship and Presumption of Shared Confidences**. The current litigation and the prior EMBV matter are substantially related—both involve intellectual property disputes, overlapping parties, and the same business relationships and websites. New York law presumes confidential information was shared in such circumstances. Moreover, Mr. Felt is "entitled to freedom from apprehension and to certainty that [his] interests will not be prejudiced. *Nationwide Assocs. v. Targee St. Internal Med. Grp., P.C.,* 303 A.D.2d 728, 758 N.Y.S.2d 108 (App. Div. 2nd Dept. 2003). Mr. Mullen's attempt to minimize the scope of his prior work is inaccurate; the EMBV matter also involved trademark claims, as reflected in the EMBV complaint.

**Mischaracterization of Settlement Posture and Conduct**. Mr. Mullen's claim that "Plaintiff was surprised to learn" the parties were not close to settlement is contradicted by the record. As stated in our August 26, 2025 letter, we informed Mr. Mullen that Defendants would not join in an extension of the reinstatement deadline due to lack of settlement. Days later, Mr. Mullen served a takedown demand on a third-party provider, AEBN, in apparent retaliation—conduct inconsistent with a willingness to settle.

**Timeliness**. Mr. Mullen's timeliness argument is meritless. Waiver cannot be imputed where the movant was unaware of the conflict's full scope and acted promptly upon discovery. Plaintiff's reliance on *Secured Worldwide v. Kinney*, is misplaced; that case was distinguished in *Anderson v. City of N.Y.*, 2017 U.S. Dist. LEXIS 164137 at p. 13 (S.D.N.Y. Sep. 29, 2017) which held that delay alone is insufficient absent suspicious timing. Here, there is no such suspicion, and most cases finding waiver involve years-long delays, not the

prompt action present here. See, *Gustafson v. Dippert*, 2009 NY Slip Op 9763, 68 A.D.3d 1678, 891 N.Y.S.2d 842 (App. Div. 4th Dept.) (**prior knowledge of conflict for four years**); *Hele Asset, LLC v. S.E.E. Realty Assocs.*, 2013 NY Slip Op 3061, 106 A.D.3d 692, 964 N.Y.S.2d 570 (App. Div. 2nd Dept.) (**six-year delay in seeking disqualification**).

**Conclusion** In sum, the Mullen firm's failure to honor its contractual promises to Mr. Felt is itself sufficient for disqualification. The record also establishes all three prongs: (1) a prior attorney-client relationship; (2) a substantial relationship between the EMBV litigation and this matter; and (3) material adversity of interests. The engagement letter's advance waiver does not apply, and Mr. Mullen failed to obtain Mr. Felt's informed consent. Disqualification is necessary to protect client confidences, uphold ethical standards, and preserve the integrity of these proceedings.

We respectfully request that the Court disqualify Mr. Mullen and his firm from further representation in this matter and grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. Marms@mullenpc.com, wmullen@mullenpc.com; vfitzpatrick@mullenpc.com