**WESLEY M. MULLEN**

**MULLEN P.C.**
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

November 20, 2025

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

<u>VIA CM/ECF AND EMAIL (PER INDIVIDUAL RULE 1.A)</u>

    Re:    <u>SVOTHI, Inc. v. Dark Alley Media LLC *et ano.*</u>, 25 CV 0333 (ALC)

Your Honor,

I write on behalf of Mullen P.C., one of the law firms that is counsel of record to Plaintiff SVOTHI, Inc. in this case. Pursuant to Local Civil Rule 1.4(b), Mullen P.C. respectfully requests that the Court order that Mullen P.C. and its affiliated attorneys Wesley M. Mullen, Martin J.E. Arms, and Vincent R. FitzPatrick III be permitted to withdraw as counsel for the Plaintiff.

Local Civil Rule 1.4(b) provides that "an attorney who has appeared for a party may be relieved or displaced only by an order of the court … following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien."

On August 26, 2025, Defendants informed the Court that they intended to seek an order disqualifying Mullen P.C. from representing the Plaintiff in this action. (ECF Doc. 67.) Plaintiffs and Mullen P.C. opposed the request for permission to make that motion. (ECF Doc. 70.) None has yet been made. Nevertheless, Defendants have filed similar motions to disqualify Mullen P.C. as counsel for Plaintiff (and purportedly-related persons and entities) in parallel pending litigations in New York State Courts. The affected parties opposed — and Mullen P.C. will continue to oppose — those applications before the Courts in which they are pending. *See Dark Alley Media, LLC et al. v. VideoApp Inc. et al.*, No. 151501/2025 (Sup. Ct. N.Y. Cty.) (NYSCEF Doc. 178); *VideoApp Inc. v. Dark Alley Media, LLC*, No. 650680/2025 (Sup. Ct. N.Y. Cty.) (NYSCEF Doc. 300). For the reasons stated briefly in our client's letter of September 2, 2025, (ECF Doc. 70), the Defendants' disqualification efforts are tactical and without merit.

As the Defendants recently informed this Court, (ECF Doc. 80), on November 6, 2025, Justice Clynes of the New York Supreme Court entered an Order enjoining Mullen P.C. "to abide by the terms of the engagement letter … including the prohibitions therein." There were no proceedings on the record to illuminate the Court's construction of the engagement letter or the intended breadth of its injunction against Mullen P.C. But the Defendants in this action have contended that the "engagement letter imposed a contractual obligation on Mr. Mullen's firm" not to represent the Plaintiff before this Court. (ECF Doc. 72 at 1.) For that reason, in

WMULLEN@MULLENPC.COM | (646) 632-3718

cautious deference to the Supreme Court's order — and despite our vigorous disagreement with it — Mullen P.C. has informed its client, SVOTHI, Inc., that until the Order is modified or reversed on appeal, we are enjoined against continuing to act as counsel to the Plaintiff in this action.

Yesterday, attorneys Ms. Tina Lapsia and Mr. Joseph Gallagher of the Harris St. Laurent & Wechsler LLP firm entered appearances on behalf of Plaintiff SVOTHI, Inc. SVOTHI, Inc. has likewise informed Mullen P.C. that it consents to our request for an order permitting withdrawal.

We respectfully submit that the foregoing circumstances constitute "satisfactory reasons" for an order permitting the withdrawal of counsel. (Local Civ. R. 1.4(b).)

Local Civil Rule 1.4(b) also provides that "an affidavit is unnecessary" in support of a motion to withdraw "upon substitution of counsel by stipulation, if the stipulation is also signed by the client and, at the time of substitution, the new attorney does not intend to seek modification of any existing deadlines or dates for court appearances in the case." To that end, I annex as Exhibit A a stipulation of substitution of counsel signed by SVOTHI, Inc.; and I confirm that I have spoken to Mr. Gallagher, who informs me that he does not intend to seek modification of any existing deadlines or dates for appearances.

As further required by Local Civil Rule 1.4(b), a copy of this letter motion will be served upon the Plaintiff, and proof of such service will be filed in the docket forthwith.

Respectfully submitted,

Wesley M. Mullen

cc:   ALCarterNYSDChambers@nysd.uscourts.gov (per Rule 1.A)
      All counsel and parties of record
      SVOTHI, Inc.