

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.

26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

March 17, 2026

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     **RE: Svothi, Inc. v. Dark Alley Media, LLC, et al., Case No. 1:25-cv-0333 (ALC) — Defendants' Request for Extension of Time to Respond to Plaintiff's March 13, 2026 Letter (ECF No. 86)**

Dear Judge Carter:

     I write respectfully on behalf of Defendants Dark Alley Media, LLC and Robert Felt to request an extension of time to respond to Plaintiff's letter dated March 13, 2026 (ECF No. 86), with Defendants' response due (unless the court orders a briefing schedule—see below) no earlier than Tuesday, March 24, 2026.

     **Basis for Request**

     Plaintiff's March 13 letter requests that this Court stay the above-captioned action pending arbitration before JAMS, and invites the Court to either set a briefing schedule or conference the matter. Whatever form the Court's response takes, Plaintiff's letter constitutes a substantive request for affirmative relief, and under Your Honor's Individual Practices, Rule 2(A), Defendants' response letter would ordinarily be due within three business days of service — i.e., this week.

     I am presently on a rare, previously scheduled family vacation in India and will not return to my office until March 23, 2026. Due to the significant time difference between New York and India and the practical constraints of travel, I am unable to prepare an adequate response at this time. Accordingly, I respectfully request an extension to no earlier than Tuesday, March 24, 2026 unless the Court chooses to set a briefing schedule as raised by Plaintiff in Mr. Gallagher's letter.

**Need for Adequate Response Time**

The issues raised in Plaintiff's letter are of considerable complexity and cannot be addressed meaningfully on short notice from abroad. Among the matters requiring careful analysis upon my return:

- Plaintiff purports to "consent" to a stay of this action while simultaneously disclaiming alter-ego status between SVOTHI, Inc. and VideoApp, Inc. — a position that is in material tension with the basis upon which Defendants' original motion to stay (ECF No. 43) was grounded;

- Defendants' original stay motion was denied in part on May 23, 2025 (ECF No. 48) and a subsequent briefing schedule was superseded by the discontinuance without prejudice pending settlement (ECF No. 53); the current procedural posture and the effect of Plaintiff's belated "consent" require careful analysis;

- Since the case was restored to active status (ECF Nos. 55, 57), significant developments have occurred across multiple related proceedings — including the Article 75 proceeding maintained Plaintiff's related alter-ego company, Videoapp Inc., to stay arbitration, before Justice Lebovits, and related state court litigation — all of which bear directly on Plaintiff's current request;

- Defendants have been substantially prejudiced by the evolving and conflicting positions taken by Plaintiff SVOTHI, Inc. and its affiliate VideoApp, Inc. across these proceedings, and a full and meaningful response is essential to protect Defendants' rights.

**Plaintiff's Counsel's Position**

I corresponded with Plaintiff's counsel, Joseph Gallagher, Esq., regarding timing. In email correspondence, Mr. Gallagher characterized his letter as requesting only a conference and indicated he is agreeable to scheduling any conference the week of March 24, 2026, after my return. Defendants do not oppose a conference in principle; but respectfully submit that a conference would be premature before Defendants have had a meaningful opportunity to respond in writing to the substance of Plaintiff's letter and its request for a stay. Defendants therefore request a briefing schedule, or at minimum, an extension of time to respond by letter, with no conference scheduled before Defendants have had that opportunity.

**Requirements Per Rule 1(D)**

Pursuant to Your Honor's Individual Practices Rule 1(D): (1) Defendants' response under Rule 2(A) would otherwise be due this week; (2) this is Defendants' first request for an extension with respect to this letter; (3) there are no prior requests to report; and (4) Plaintiff's counsel has indicated in correspondence that he consents to scheduling conferences no earlier than the week of March 24, 2026, though he has not formally consented to a briefing schedule

or to my request for time to respond to his letter except as he indicated to me regarding a conference next week.

Respectfully submitted,
/s/
Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. jgallagher@hs-law.com, tlapsia@hs-law.com