

March 18, 2026

**BY ECF**

Hon. Andrew L. Carter, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

Re: *SVOTHI, Inc. v. Dark Alley Media, LLC et al.*, Case No. 25-cv-00333

Dear Judge Carter:

We represent Plaintiff SVOTHI, Inc. ("SVOTHI") in the above-captioned action and write to follow up on the joint status report submitted to the Court on November 20, 2025 (ECF No. 83). As set forth below, SVOTHI consents to the stay of this action previously sought by Defendant Dark Alley Media, LLC ("DAM").

As the Court is aware, this matter is just one of several pending proceedings between SVOTHI, DAM, and their respective affiliates and owners. In the interest of judicial and party economy, SVOTHI and its affiliate VideoApp, Inc. ("VideoApp") seek to consolidate certain of those proceedings. As is relevant to this request:

- On January 13, 2025, SVOTHI filed this case against DAM for damages arising from DAM's misuse of trademarks owned by SVOTHI.

- On January 16, 2025, DAM served an arbitration demand (the "Demand") on VideoApp alleging that VideoApp breached a joint venture agreement (the "JV Agreement") between it and DAM. VideoApp argues that DAM breached the JV Agreement first. Though the JV Agreement did not designate an arbitral forum, DAM asked JAMS to administer the arbitration (the "Arbitration"). At issue in the Arbitration is the ownership of certain intellectual property from the joint venture, which includes, in part, the marks that form the basis of this case.

- On January 31, 2025, DAM and its 50% owner Robert Felt sued VideoApp, its owner Damian Todaro ("Todaro"), and others for defamation and a variety of business torts in New York State court, *Dark Alley Media, LLC, et al. v. VideoApp Inc. et al.*, No.

JOSEPH GALLAGHER   JGALLAGHER@HS-LAW.COM   DIRECT (917) 512-9464

HS-LAW.COM   MAIN (212) 397-3370 | FAX (212) 202-6206 | 40 WALL STREET, 53RD FLOOR, NEW YORK, NY 10005

151501/2025 (Sup. Ct. N.Y. Cnty.) (the "Defamation Action"). VideoApp and Todaro moved to dismiss the Defamation Action; that motion is *sub judice*.

- On February 5, 2025, VideoApp brought a petition under Article 75 of the New York CPLR to enjoin the Arbitration. *See VideoApp Inc. v. Dark Alley Media, LLC*, Index No. 650680/2025 (the "Article 75 Proceeding"). The next day, JAMS confirmed to the parties that it was declining to administer the Arbitration.

- On April 7, 2025, DAM sent a letter to SVOTHI (the "SVOTHI Letter") alleging that SVOTHI was the "principal and/or alter ego" of VideoApp and that DAM's claims in the Arbitration "concer[n] both" SVOTHI and VideoApp. DAM demanded that "this matter be submitted to arbitration in accordance with the terms of" the JV Agreement. It is not clear what DAM meant by "this matter," but it appears that DAM wants SVOTHI to participate in the Arbitration (which JAMS had refused to administer) involving alleged breaches of the JV Agreement. DAM appears not to have taken any further action on this demand, and—to our knowledge—has not filed any claims against SVOTHI in JAMS or in any other arbitral forum.

- That same day, DAM moved for leave in the Article 75 Proceeding to file a cross-petition to compel both VideoApp and SVOTHI to arbitrate.

- On April 21, 2025, DAM moved to stay this action (ECF No. 43). This motion was granted in part and denied in part (ECF No. 48).

- On June 20, 2025, the parties notified the Court that they had reached a settlement in principle (ECF No. 52). Three days later, the Court discontinued the action without prejudice, in case the settlement fell apart (ECF No. 53).

- The settlement fell apart, and on July 23, 2025, non-party Mark Edisad, the 50% owner of DAM, sought to restore this case to active status (ECF No. 57), while SVOTHI sought an extension of the deadline by which the parties were required to file a motion to restore (ECF No. 55); a month later, DAM later sought to disqualify SVOTHI's prior counsel (ECF No. 64).

- On August 30, 2025, Mr. Edisad wrote to the Court (ECF No. 71) expressing serious concerns that he was not being consulted by DAM's counsel and that the entire dispute between DAM and VideoApp/SVOTHI was being driven exclusively by Mr. Felt and DAM's counsel.

- On September 4, 2025, the Court held an in-person status conference to "hear the parties as to (1) the status of this case following Mr. Edisad's application to reinstate this case to the Court's docket and (2) Defendant's anticipated motion to disqualify Plaintiff's [then-] counsel" (ECF No. 69; 9/4/25 minute entry). The Court granted Mr. Edisad's motion to reinstate the case on September 8, 2025 (ECF No. 75).

Hon. Andrew L. Carter
Page 3 of 3
March 18, 2026

- On October 27, 2025, the Court indicated that it would "wait" to refer the parties to a settlement conference before Magistrate Judge Stein in light of the disqualification motions being heard in the "state court proceedings" (ECF No. 79).

- On October 19, 2025, the undersigned appeared for SVOTHI (ECF No. 82), replacing prior counsel, and filed a status report the next day (ECF No. 83).

Having three separate litigations and an arbitration in stasis is a waste of judicial and party resources. Accordingly, earlier today, SVOTHI and VideoApp informed the court overseeing the Article 75 Proceeding that VideoApp is withdrawing its Article 75 petition and consents to arbitrate the issues set forth in the Demand.

Further, SVOTHI believes that if DAM and VideoApp are arbitrating issues related to intellectual property ownership before JAMS, the claims it is asserting against DAM in *this* action should be heard in the same arbitral proceeding. SVOTHI therefore agrees to arbitrate claims related to the JV Agreement, and the claims asserted in this action, against DAM in an arbitration administered by JAMS.

However, given the imprecise language in the SVOTHI Letter, and DAM's failure to actually file a demand against SVOTHI with JAMS, there is a chance that JAMS refuses to administer an arbitration between DAM and SVOTHI. Therefore, rather than discontinue this case outright, SVOTHI respectfully requests that this Court stay proceedings pending (i) the resolution of any arbitration between DAM and SVOTHI, or (ii) the refusal by JAMS to administer an arbitration in which SVOTHI's claims in this action against DAM may be heard.

Should the Court prefer the parties conference or brief this request, Plaintiff is available at the Court's convenience.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Joseph Gallagher*
Joseph Gallagher