

# SHARMALAW

LAW OFFICES OF RAVI IVAN SHARMA, P.C.

26 BROADWAY, SUITE 1108, NEW YORK, NEW YORK 10004

**212 537 5957**

Facsimile 212 537 5956

Voice Mail 213 537 5953

RAVI@SHARMALAW.COM

March 24, 2026

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE: Svothi, Inc. v. Dark Alley Media, LLC, et al., Case No. 1:25-cv-0333 (ALC) — Defendants' Request for Extension of Time to Respond to Plaintiff's corrective March 18, 2026 Letter ([ECF No. 89](#)).**

Dear Judge Carter:

We represent Defendants Dark Alley Media, LLC ("DAM") and Robert Felt ("Felt"). We write in response to Plaintiff SVOTHI Inc.'s March 18, 2026 letter (ECF No. 89) and to request a pre-motion conference—or, alternatively, a briefing schedule—on Defendants' anticipated motion (1) to implead Videoapp Inc. ("Videoapp") and its owner, Damian Todaro ("Todaro"), and (2) to proceed in this Court as the single forum for all disputes arising out of the parties' joint venture agreement ("JV Agreement") and related intellectual property, rather than shifting those issues to a new JAMS arbitration while leaving this federal case open.

SVOTHI is correct that "having three separate litigations and an arbitration in stasis is a waste of judicial and party resources," and that there should be a single forum for this dispute. Defendants agree on that premise; the dispute is over forum. SVOTHI and Videoapp now ask to move the merits into a new JAMS arbitration and to stay this case pending that proceeding. Given (a) SVOTHI's decision to bring these intellectual-property issues here, (b) Videoapp's Article 75 petition to halt DAM's original arbitration, (c) the great prejudice such has caused Defendants and (d) the Court's familiarity with the JV and marks, Defendants submit that this Court—not JAMS—is the most efficient and equitable single forum.

**I. SVOTHI's Proposal Keeps This Case Open While Moving the Merits Out.** SVOTHI asks the Court to stay this action "pending (i) the resolution of any arbitration between DAM and SVOTHI, or (ii) the refusal by JAMS to administer an arbitration in which SVOTHI's claims in this action against DAM may be heard." At the same time, SVOTHI and Videoapp have advised the New York Supreme Court that Videoapp will withdraw its CPLR Article 75 petition and "consents" to arbitrate DAM's January 16, 2025 demand before JAMS, and that SVOTHI "agrees to arbitrate claims related to the JV Agreement, and the claims asserted in this action" if they can be heard together—while expressly denying any alter-ego relationship.

In practical terms, SVOTHI's proposal would (1) leave this federal action open but stayed for an undefined period, (2) shift ownership and JV issues to a brand-new arbitration that has never been

formally commenced against SVOTHI, and (3) convert this Court into a backstop for supervision and enforcement of that arbitration. That is not true consolidation; it multiplies proceedings, and it comes only after SVOTHI and Videoapp spent more than a year using this Court and the Article 75 proceeding to shape the landscape before deciding they now prefer a confidential arbitration.

**II. The Litigation Record Favors Consolidation in This Court.** A streamlined single-forum approach centered here is consistent with how this dispute actually developed:

a) **SVOTHI chose this Court for the JV/IP dispute.** On January 13, 2025, SVOTHI filed this Lanham Act case, claiming ownership of the RFC marks that sit at the heart of the JV Agreement and the RawF***Club brand.

b) **DAM promptly invoked arbitration and sought to include SVOTHI.** On January 16, 2025, DAM served its arbitration demand on Videoapp alleging breaches of the JV Agreement, including issues concerning ownership and control of the same marks and content. On April 7, 2025, DAM sent a letter to SVOTHI (the "April 7 SVOTHI Letter," described in Plaintiff's March 18 submission) asserting that SVOTHI was Videoapp's "principal and/or alter ego" and demanding that "this matter be submitted to arbitration in accordance with the terms of" the JV Agreement, and on the same day sought leave in the Article 75 proceeding to compel both Videoapp and SVOTHI to arbitrate.

c) **SVOTHI and Videoapp resisted a unified approach in 2025.** When Defendants proposed staying or coordinating this action pending Article 75, SVOTHI's then-counsel declined to stay its own claims or Defendants' counterclaims and instead pressed to move forward here, while urging Defendants to dismiss alleged overlapping claims elsewhere. In state court, Videoapp moved to stay arbitration and vigorously opposed DAM's efforts to bring SVOTHI into that proceeding.

d) **The Court alone has already invested in these issues.** The Court addressed the JV and marks in connection with Defendants' preliminary-injunction request and motion to stay in favor of arbitration. No other forum has engaged with the JV/IP facts, much less the merits, at all. The Article 75 proceeding is about staying arbitration, not deciding the JV/IP merits. The separate state defamation/business-tort action does not present the JV/IP merits and is enmeshed in its own disqualification and capacity issues. The only court positioned to take up the entire JV/IP dispute efficiently is this Court.

e) **Defendants prepared, but could not file, a proposed Second Amended Answer adding Videoapp and Todaro.** In March–April 2025, following the February 19, 2025 hearing, Defendants drafted a proposed Second Amended Answer and Counterclaims that would have added Videoapp and Mr. Todaro so that all JV- and trademark-related disputes could be resolved here. SVOTHI's prior and now disqualified counsel rejected that approach, and although the Court set a schedule to brief leave to amend if the parties could not agree, the parties did not proceed with motion practice at that time because Defendants were instead pursuing arbitration and a stay of this case. Through no lack of diligence by Defendants, the unified posture discussed at the February 19, 2025 hearing was never reached. That stay was also vigorously opposed by Plaintiff under prior counsel. Following such the parties attempted to settle which nearly immediately fell apart.

**III. Arbitration Now Would Deepen Prejudice to DAM and Mr. Felt.** SVOTHI's letter frames its proposal as neutral consolidation. It is not. It would deepen concrete prejudice to DAM and Mr. Felt that has already accrued as a direct result of SVOTHI and Videoapp's forum choices.

**First, there has been significant brand and goodwill degradation**. Under the JV, DAM spent roughly 15 years building and maintaining the RFC brand through curated, exclusive content on the JV platform. Since SVOTHI took unilateral control, the RFC platform has been repositioned as a

"marketplace for creators," with no exclusive RFC-branded content and a dramatic increase in third-party output—from approximately one new exclusive scene per week to roughly one new scene per hour. That shift erodes the distinctiveness and perceived quality of the marks at issue in this case and any JV-related claims.

**Second, SVOTHI's litigation strategy has entrenched its claimed ownership while excluding DAM economically.** SVOTHI's Lanham Act claims here, coupled with Videoapp's Article 75 petition that stalled DAM's original arbitration, have allowed SVOTHI and its affiliate to hold themselves out as the exclusive owners and licensors of the RFC marks and content while keeping DAM from monetizing the assets it created or defending the integrity of its brand. The longer this persists, the more "cemented" SVOTHI's claimed ownership becomes, and the more acute the lost revenue and reputational harm to DAM.

**Third, Defendants' business options have been constrained in ways that a belated shift to arbitration would worsen.** One consequence of SVOTHI's unilateral control is that it has left DAM with no straightforward, non-conflict-laden way to exploit or reposition its RFC brand. While SVOTHI continues to use the marks, any parallel attempt by DAM to participate in the same space risks direct head-to-head conflict and further confusion in the marketplace. At the same time, the longer SVOTHI reshapes the platform without DAM's involvement, the more difficult it becomes to achieve any resolution that meaningfully restores DAM's role in, or association with, the RFC-branded platform that the JV originally contemplated.

**Fourth, there has been personal and reputational harm to Mr. Felt.** Mr. Felt's livelihood and public persona are tied to the RFC brand. The uncertainty created by SVOTHI's shifting positions and the back-and-forth over forum has already caused loss of goodwill among consumers and industry participants. Moving the merits out of this Court now, after that harm has taken root and after this Court has invested in the case, would extend and deepen that harm rather than ameliorate it.

Critically, this prejudice has arisen because SVOTHI and Videoapp chose this path: SVOTHI filed here; Videoapp invoked Article 75 to stop DAM's arbitration; both opposed DAM's efforts to bring SVOTHI into that arbitration; and SVOTHI resisted a unified federal forum when Defendants first sought it in 2025. SVOTHI and Videoapp now ask the Court to deepen that prejudice by moving the merits into a new, confidential arbitration and freezing this case, thereby rewarding the very tactics—forum-shifting, delay, and obstruction of a unified proceeding—that put Defendants in this position.

In short, SVOTHI and Videoapp ask this Court to bless a three-step forum-shift—Article 75 to stop DAM's arbitration, federal litigation to press their own claims, and now arbitration to shield their conduct from public scrutiny—while keeping this case open in reserve. Granting that request would not merely be inefficient; it would affirmatively reward their strategy and further entrench the economic and reputational harm already inflicted on DAM and Mr. Felt—all the while seeking to sidestep admitting SVOTHI and Todaro are the alter egos of Videoapp (which ceased to exist after it was delisted from the Nevis Registry in 2021)—a ruling necessary to putting SVOTHI into arbitration of the JV Agreement.

**IV. Requested Relief.** For these reasons, For these reasons, Defendants respectfully request that the Court **(1)** deny SVOTHI's request to stay this action in favor of a new JAMS arbitration, or at minimum defer ruling on that request pending full briefing following a pre-motion conference; and **(2)** schedule a pre-motion conference under Rule 2.A on Defendants' anticipated motion to (a) amend to add Videoapp and Todaro as parties so that all JV- and trademark-related claims among SVOTHI, Videoapp, Todaro, DAM, and Mr. Felt can be resolved in this action, and (b) have this Court serve as

the consolidated forum for those disputes, including any claim Defendants may assert for damages and other relief arising from the Article 75 proceeding and related conduct.

If the Court prefers to proceed without a conference, Defendants respectfully request that the Court set a briefing schedule for Defendants' motion to amend and to address forum and consolidation. Defendants can submit a detailed pre-motion letter and proposed Second Amended Answer and Counterclaims by April 17th[1], SVOTHI to respond 14 days thereafter, and Defendants to reply 7 days later, or on such schedule as the Court directs. Defendants' proposed Second Amended Answer would include, among other things, claims against Videoapp and Mr. Todaro and allegations of damages arising from the Article 75 proceeding and related conduct.

Defendants remain prepared, as they were in early 2025, to have all disputes among DAM, Mr. Felt, SVOTHI, Videoapp, and Mr. Todaro resolved in a single forum. Given who chose this Court, what has already been litigated here, and the prejudice that has accrued, Defendants respectfully submit that this Court is the appropriate forum for that consolidation.

Respectfully submitted,
/s/
Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. jgallagher@hs-law.com, tlapsia@hs-law.com

---

[1] We request more than 14 days because of the intervening DOE spring break affecting Defendants' counsel.