# SHARMALAW

Law Offices of Ravi Ivan Sharma, P.C.

26 Broadway, Suite 1108, New York, New York 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

June 11, 2026

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> **RE: Svothi, Inc. v. Dark Alley Media, LLC, et al., Case No. 1:25-cv-0333 (ALC) —**
> **Whether SVOTHI can Enforce Arbitration Agreement**

Dear Judge Carter:

SVOTHI Inc. ("SVOTHI") cannot enforce the arbitration agreement between Videoapp, Inc. ("Videoapp") and Dark Alley Media, LLC ("DAM") (§ 9.7 of the Joint Venture ("JV") Agreement[1] (ECF Doc. 21-12, pg. 12) ("§ 9.7"); the threshold non-signatory issue is dispositive. SVOTHI did not sign the JV Agreement. Defendants have consistently maintained that SVOTHI is the alter ego of non-party Videoapp and is bound to the JV Agreement on that basis. The dispositive point is narrower: alter ego is the only theory on which any non-signatory could invoke § 9.7 here, and SVOTHI has resisted that predicate throughout. SVOTHI therefore cannot enforce § 9.7 without abandoning its year-long position—and if it does, Defendants' reserved defenses defeat enforcement on the merits.

## I. A Non-Signatory May Invoke an Arbitration Clause Only Under a Recognized State-Law Theory and Bears the Burden of Establishing One.

"Arbitration is contractual by nature--a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (quotation omitted). Whether a non-signatory may invoke a clause turns on traditional state-law theories, limited to "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Id.*; *accord Arthur Andersen L.L.P. v. Carlisle*, 556 U.S. 624, 631 (2009). These theories may not be expanded to reach a party that fits none. *Thomson-CSF, S.A.*, 64 F.3d at 776, 780. SVOTHI bears the burden and cannot carry it.

---

[1] "Any and all disputes arising from or relating to this Agreement shall be submitted to full and final resolution by binding arbitration…."

## II.  The Affirmative Theories Are Foreclosed by the JV Agreement and SVOTHI's Own Representations.

SVOTHI told this Court: "SVOTHI is not a party to any arbitration agreement." Letter from W. Mullen to the Court, Feb. 5, 2025 (ECF Doc. 20 p.1, para.2). Incorporation and assumption are not invoked. Agency fails on the contract's face: Videoapp signed the JV Agreement in its own corporate capacity, made its own representations and warranties as a Nevis corporation, and was identified as the contracting party—nothing suggests Videoapp signed as SVOTHI's agent. SVOTHI also is no third-party beneficiary: the JV Agreement shows no intent to benefit it, and §§ 9.6 and 9.8 bar assignment absent the counterparty's "express written consent," which DAM never gave (ECF Doc. 21-12, pg. 12).

## III. SVOTHI Has Resisted Alter Ego Throughout.

SVOTHI cannot establish the only predicate that would make the clause available—alter ego—without reversing its long- position denying any alter-ego theory.[2] Judicial estoppel forecloses any reversal: where "a party assumes a certain position in a legal proceeding" may not later assume "simply because [its] interests have changed, assume a contrary position," *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). If SVOTHI embraced alter-ego status now—even tacitly[3]—it would step into Videoapp's contractual position and take § 9.7 subject to Videoapp's conduct. *Thomson-CSF, S.A.*, 64 F.3d at 777.

## IV.  Any Right SVOTHI Might Have Had To Enforce § 9.7 Is Limited by What DAM Demanded.

SVOTHI's own theory of standing is that "Defendants themselves demanded that SVOTHI submit to arbitration … and SVOTHI has agreed to do so." (ECF Doc. 96 at 3). Even on that theory, any consent SVOTHI attempts to manufacture by accepting DAM's demand cannot exceed that demand. DAM's April 7, 2025 letter sought arbitration only of disputes "arising under or related to this Agreement," concerning "both Svothi, Inc. and Videoapp Inc., and their breach of the JVA." (ECF Doc. 96-2 at 2). SVOTHI's contemporaneous response did not "agree" to anything: on April 25, 2025, SVOTHI, *rejected* DAM's demand asserting it was a non-signatory not bound by § 9.7—the position SVOTHI maintained for thirteen months before its about-face (Letter from W. Mullen to R. Sharma, attached hereto as **EXHIBIT 1)**.

---

[2] "By [agreeing to arbitrate], SVOTHI does not agree, and specifically denies, that it is an alter ego of Videoapp…." Letter from J. Gallagher to the Court, March 13, 2026 (ECF Doc. 86, p.3)
[3] Letter from J. Gallagher to the Court, March 18, 2026 (ECF Doc. 89, p.3)

SVOTHI now seeks more than DAM demanded—arbitration of "the full range of IP- and joint venture-related disputes," (ECF Doc. 96 p.5)—including trademark claims SVOTHI pleaded as resting on common-law rights, not the JV (see Compl. ¶¶ 7–10 (ECF Doc 7)). SVOTHI's carve-out of the Defamation Action—"SVOTHI is not seeking to move the Defamation Action to arbitration because it involves different issues that are not subject to the arbitration clause in the JV Agreement[]"—confirms the point: not every dispute between these parties is arbitrable, and scope is set by the demand. (ECF Doc. 96 at 5 n.2). DAM never demanded arbitration of SVOTHI's common-law trademark claims and has consistently maintained they belong in this Court.

**V.  The Related Claims Should Proceed Here, and Videoapp Should Be Joined.**

Because SVOTHI cannot reach § 9.7 under any recognized non-signatory theory, and any manufactured consent would not extend to trademark claims it pleaded as outside the JV, the related disputes should remain in the forum SVOTHI chose, with Videoapp joined. DAM has pleaded that SVOTHI and Videoapp are a single interest under the JV Agreement (Countercl. ¶¶ 76–84, ECF Doc. 19, pp 46-7), which governs the marks SVOTHI sues upon. Joinder permits the related disputes to be adjudicated together, not split between this Court and a JAMS arbitration that, by SVOTHI's own concession, would not reach all of them. (*See* ECF Doc. 96 at 5 n.2).

For these reasons, Defendants respectfully submit that SVOTHI cannot enforce the JV Agreement's arbitration clause, and the Court should so determine and permit Videoapp's joinder. Defendants reserve their previously briefed estoppel and waiver arguments consistent with the Court's framing and respectfully request leave to reply if SVOTHI's response goes beyond this issue.

Respectfully submitted,
/s/
Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. jgallagher@glennagre.com

# EXHIBIT 1

WESLEY M. MULLEN                                    MULLEN P.C.
                                          745 FIFTH AVENUE | SUITE 500
                                             NEW YORK, NY 10151

April 25, 2025

Ravi Ivan Sharma
26 Broadway, Suite 1108
New York, NY 10004

<u>VIA EMAIL ONLY</u>

Re:     <u>Dark Alley Media, LLC's Demand to Arbitrate</u>

Dear Ravi,

I write in response to your letter of April 7, 2025 purporting to demand that SVOTHI, Inc. consent to arbitration of unspecified claims before JAMS "pursuant to the Joint Venture Agreement dated January 1, 2019 between Dark Alley Media, LLC and VideoApp Inc." (Ltr. at 1.)

My clients respectfully decline. Among other reasons:

*first*, your letter describes no arbitrable claim against SVOTHI, Inc.;

*second*, as your letter concedes, SVOTHI, Inc. is not a party to the Joint Venture Agreement between Dark Alley Media, LLC and VideoApp Inc. (or any other arbitration agreement Dark Alley Media, LLC might invoke);

*third*, JAMS has already declined (in writing) to administer arbitration of claims that Dark Alley Media, LLC purported to assert against VideoApp Inc. under the same Joint Venture Agreement (in *Dark Alley Media, LLC vs. VideoApp Inc.*, JAMS Ref. No. 5425003243) because, among other reasons, JAMS is not named in that agreement, and even if it were, the proceeding would be inarbitrable pending the final resolution of proceedings before, among other judicial authorities, Supreme Court, New York County;

*fourth*, even if Dark Alley Media, LLC ever had the right to demand arbitration against SVOTHI, Inc., it waived those rights by initiating and widely publicizing multiple litigations against SVOTHI, Inc. and related parties; and

*fifth*, our clients are already engaged in multiple litigations in which Dark Alley Media, LLC has asserted substantive rights under the Joint Venture Agreement, including but not limited to *SVOTHI, Inc. v. Dark Alley Media, LLC et al.*, No. 25-CV-00333 (S.D.N.Y.); *Dark Alley Media, LLC v. VideoApp Inc., et al.*, No. 151501/2025 (Sup. Ct. N.Y. Cty.); and *VideoApp Inc. v. Dark Alley Media, LLC*, No. 650680/2025 (Sup. Ct. N.Y. Cty.)

Like your client, SVOTHI, Inc. reserves all rights, including to seek appropriate relief, fees, and sanctions against vexatious multiplication of proceedings.

Kind regards,

Wesley M. Mullen