## GLENN AGRE BERGMAN & FUENTES

Joseph Gallagher
jgallagher@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
(212) 970-1608

June 15, 2026

**VIA ECF**

Hon. Andrew L. Carter, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 444
New York, NY 10007

          **Re:** *SVOTHI, Inc. v. Dark Alley Media, LLC et al.,* **Case No. 25-cv-00333**

Your Honor:

      We represent Plaintiff SVOTHI, Inc. ("SVOTHI"). The Court's June 3, 2026 order (Dkt. No. 99) directed the parties to brief the narrow question of "[n]otwithstanding issues of estoppel and waiver . . . whether SVOTHI can enforce the arbitration agreement." As the Court is aware, Defendants DAM[1] and Robert Felt issued an arbitration demand to SVOTHI on April 7, 2025 seeking to compel it to "arbitrate pursuant to the [JV Agreement] between [DAM] and Videoapp, Inc." with respect to a "dispute [which] concerns both [SVOTHI] and Videoapp, Inc., and their breach of the" JV Agreement. *See* Dkt. No. 96-2. At the time, SVOTHI declined to arbitrate, in part because there were already multiple pending proceedings between the parties. *See* Second DAM Letter, Ex. 1 at 1. SVOTHI has now elected to accept that arbitration demand in order to streamline the pending proceedings to the greatest extent possible. *See* Dkt. No. 96 at 2-3.

      Defendants submitted their letter brief on June 11, 2026 (Dkt. No. 102) (the "Second DAM Letter"). Sections I through III of that letter focused principally on the parties' prior representations regarding the JV Agreement, *i.e.*, the very estoppel and waiver issues the Court asked them not to address in this round of briefing. SVOTHI refers the Court to its prior submissions (Dkt. Nos. 89, 96), which address these issues in full.

      Section IV of the Second DAM Letter, however, largely adopts Plaintiff's position on enforcement of the arbitration clause and should dispose of this issue. SVOTHI does not argue that

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in SVOTHI's prior submission on May 22, 2026 (Dkt. No. 96).

Hon. Andrew L. Carter
Page 2 of 2
June 15, 2026

it has the right to enforce the arbitration agreement under its own name—it is not a party to the JV Agreement and has not been the beneficiary of any assignment—and it has steadfastly denied being an alter ego of VideoApp. But Defendants made an arbitration demand on SVOTHI, and they now take the position that "any consent" to arbitration based on their earlier arbitration demand "cannot exceed that demand." Dkt. No. 102 at 2. That is precisely SVOTHI's point. Defendants' demand related to alleged breaches of the JV Agreement. SVOTHI has agreed to "arbitrate claims related to the JV Agreement, and the claims asserted in this action, against DAM in an arbitration administered by JAMS." *See* Dkt. No. 89 at 2-3. The claims asserted in this action involve the same intellectual property as addressed by the JV Agreement and thus fall within the scope of the arbitration demand.

Defendants also criticize SVOTHI for accepting their demand to arbitrate JV-related claims but not the defamation and business tort claims at issue in a separate action pending in Supreme Court, New York County. But Defendants never demanded that SVOTHI arbitrate those issues, and they do not fall even conceptually under the JV Agreement's arbitration clause. They are not arbitrable.

The final section of the Second DAM Letter reiterates Defendants' request that this Court not just disregard the arbitration clause, but that it join all claims between the parties—including those pending in state court and those that the parties have sought to arbitrate— and consolidate them here. This issue was addressed by the parties in their prior submissions and Defendants offer no new authority or facts to support their request. SVOTHI again incorporates its prior submissions (Dkt. Nos. 89, 96) and respectfully requests that the Court deny Defendants' joinder request.

\*       \*       \*

Accordingly, SVOTHI respectfully renews its requests that this Court stay proceedings pending (i) the resolution of any arbitration between DAM and SVOTHI, or (ii) the refusal by JAMS to administer an arbitration including SVOTHI's claims in this action. If the Court nevertheless declines to enforce the arbitration clause here, SVOTHI again renews its request that the parties be ordered to attend a settlement conference before the magistrate judge.

Respectfully submitted,

Joseph Gallagher