# SHARMALAW

Law Offices of Ravi Ivan Sharma, P.C.

26 Broadway, Suite 1108, New York, New York 10004

**212 537 5957**
Facsimile 212 537 5956
Voice Mail 213 537 5953
RAVI@SHARMALAW.COM

June 16, 2026

**VIA ECF and EMAIL: ALCarterNYSDChambers@nysd.uscourts.gov**

The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Svothi, Inc. v. Dark Alley Media, LLC, et al.*, No. 1:25-cv-00333 (ALC) — **Request for Leave to File Brief Reply**

Dear Judge Carter:

Defendants respectfully request leave to file this brief reply to Plaintiff's June 15, 2026 letter (ECF Doc. 103). Plaintiff's submission misstates Defendants' position, recasts an alternative argument as a concession, and advances a new factual theory unsupported by the existing record. The Court should reject Plaintiff's attempt to expand the June 3, 2026 Order (ECF Doc. 99) beyond its narrow question and hold that SVOTHI has not shown any basis to compel Dark Alley Media to arbitrate claims outside the JV Agreement or to convert its own prior refusal to arbitrate into enforceable consent.

**1.    Plaintiff Mischaracterizes Section IV; Dark Alley Media's Primary Position Is That SVOTHI Cannot Invoke § 9.7 at All.** Plaintiff says Section IV "largely adopts Plaintiff's position" and "should dispose of this issue." (ECF Doc. 103 at 1). It does not. Section IV was expressly alternative ("Any Right SVOTHI *Might Have Had*" (emphasis added)): even assuming arguendo SVOTHI *could* invoke § 9.7, any consent would be limited by the scope of Dark Alley Media's demand. The dispositive point remains the one Defendants made in Sections I through III: SVOTHI cannot invoke § 9.7 at all.

The Court's June 3 Order asks whether SVOTHI can enforce the clause, apart from estoppel and waiver. (ECF Doc. 99). Under Thomson-CSF, S.A. v. Am. Arb. Ass'n, 64 F.3d 773, 776 (2d Cir. 1995), a non-signatory may compel arbitration only under recognized state-law theories. Plaintiff's own letter confirms SVOTHI fits none: it is not a party to the JV Agreement, claims no assignment, and denies alter-ego status. (ECF Doc. 103 at 1–2). That ends the inquiry and defeats Plaintiff's request.

**2.  SVOTHI's New Assertion That the Trademark Claims Are JV Intellectual Property Cannot Be Reconciled With Its Own Pleadings.** Plaintiff now asserts, for the first time, that the trademark claims "involve the same intellectual property as addressed by the JV Agreement." (ECF Doc. 103 at 2). That position cannot be reconciled with Plaintiff's prior record position that the marks are independent common-law rights and "independent of that joint venture agreement." Tr. of Feb. 19, 2025 Hr'g 11:1–3, 13:6–8 (ECF Doc. 37). Plaintiff cannot revise the record to fit the motion. If the marks are JV intellectual property, Plaintiff's independent-ownership theory fails on its own premise and the claims sound in the JV Agreement's breach framework, not in a free-standing trademark claim. If the marks are independent, they fall outside the demand and outside § 9.7. Either way, Plaintiff has not shown a contractual basis to compel Dark Alley Media to arbitrate them. Plaintiff's own statement—that claims not even conceptually within the JV arbitration clause "are not arbitrable" (ECF Doc. 103 at 2)—forecloses its new theory.

**3.  SVOTHI's Prior Refusal Cannot Be Converted Into Consent.** Plaintiff dismisses Sections I–III as "estoppel and waiver" beyond the June 3 Order. (ECF Doc. 103 at 1). They are not. Whether SVOTHI's purported acceptance ever formed an enforceable agreement to arbitrate is a threshold enforcement question. The record shows SVOTHI rejected Dark Alley Media's April 7, 2025 demand in a letter dated April 25, 2025, because it claimed it was a non-signatory not bound by § 9.7, and it maintained that position for fourteen months. (ECF Doc. 102-1). Plaintiff now concedes it "declined to arbitrate" and later "elected to accept." (ECF Doc. 103 at 1). But a non-signatory cannot create consent by unilaterally accepting, a year later, a demand it previously refused—especially while still denying it is a party, assignee, or alter ego. That is not waiver; it is a failure of formation and enforceability.

For these reasons, Dark Alley Media respectfully requests that the Court deny Plaintiff's requests in its June 15 letter and hold that SVOTHI has not shown a basis to compel arbitration under § 9.7. The Court should reject Plaintiff's attempt to relabel a refused demand as consent and to expand the clause to claims outside the JV Agreement. Dark Alley Media further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/
Ravi Ivan Sharma
SHARMALAW – Ravi Ivan Sharma, P.C.
26 Broadway, Suite 1108
New York, NY 10004
(212) 537-5957
ravi@sharmalaw.com
*Attorneys for Defendants*

cc. jgallagher@glennagre.com